Vances H. **SMITH** and Jeffery Steiner, Plaintiffs,

v.

Patrick **FIEDLER** and Gary **McCaughtry**, Defendants.

No. 92–C–0815.

United States District Court, E.D. Wisconsin.

Oct. 4, 1994.

Vances Smith, pro se.

Jeffrey R. Steiner, pro se.

Richard A. Perkins, Asst. Atty. Gen., Wisconsin Dept. of Justice, Madison, WI, for defendants.

**MEMORANDUM AND ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT, PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERT WITNESS, AND ROBERTO HINOJOSA'S MOTION TO INTERVENE**

STADTMUELLER, District Judge.

Vances Smith and Jeffery Steiner, prisoners currently or formerly incarcerated at Waupun Correctional Institution (hereinafter referred to as WCI), have filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiffs allege that their rights were violated by the presence of asbestos and lead at WCI. Defendants have filed a motion for summary judgment. Plaintiffs oppose this motion. Plaintiffs have also filed a motion for declaratory judgment and a motion for appointment of an expert. Roberto Hinojosa, also an inmate at WCI, has filed a motion to intervene as an additional plaintiff, which defendants oppose. The Court has considered all of the submissions of the parties as well the materials submitted by proposed intervenor Hinojosa. These matters are now ripe for decision. For the following reasons, defendants motion for summary judgment will be GRANTED. Plaintiff's motions for declaratory judgment and appointment of an expert will be DENIED WITH PREJUDICE. Roberto Hinojosa's motion to intervene is therefore moot, and will accordingly be DENIED WITH PREJUDICE.

### BACKGROUND

Plaintiffs allege that their civil rights are being violated by the presence of asbestos in the buildings at WCI, and by the presence of lead and lead filings in the drinking water at the prison. Plaintiffs seek injunctive and declaratory relief, as well as punitive damages. Defendant's answer that asbestos insulated pipes at WCI are properly inspected and maintained, and that the water is monitored and tested. Defendant's deny that either the pipes or the water pose any threat to inmates or staff.

In reply, plaintiff's have submitted materials indicating that hazardous waste has been found at the prison. Plaintiff's have also submitted affidavits stating that they have personally observed some asbestos insulated pipes at WCI which are in poor repair. Other materials submitted by plaintiffs indicate that the presence of hazardous materials at WCI has been the subject of other litigation filed in state court.

### STANDARD FOR SUMMARY JUDGMENT

Under Rule 56(c), summary judgment is proper when the pleadings and other submis-

834

sions filed in the case show that there is no genuine issue regarding any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After adequate time for discovery, summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. However, the existence of a factual dispute between the parties will not defeat a properly supported motion for summary judgment unless the facts in dispute are those which might affect the outcome or resolution of issues before the court. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue of material fact exists only where a reasonable finder of fact could make a finding in favor of the non-moving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510 (1986); *Santiago v. Lane*, 894 F.2d 218, 221 (7th Cir.1990). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine need for trial and summary judgment is proper. *Matshushita Elec. Indus. Co., Lt. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The moving party has the initial burden of demonstrating that it is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552–53. Once this burden is met, the non-moving party must designate specific facts to support or defend each element of the cause of action, showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53. Neither party may rest on mere allegations or denials in the pleadings.

### ANALYSIS

 Deliberate indifference on the part of prison officials to a prisoner's serious needs can constitute unnecessary and wanton infliction of pain, resulting in the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); see also *Hudson v. McMillian*, —— U.S. ——, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). To support a claim of deliberate indifference, the plaintiff must be able to show that the defendants knew that there was imminent danger and consciously or knowingly refused to do anything about it. *Campbell v. Greer*, 831 F.2d 700, 702 (7th Cir.1987). Deliberate indifference is a subjective factor, requiring facts which indicate not only the conduct but also the attitude of prison authorities. See *Helling v. McKinney*, —— U.S. ——, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

 An inmate challenging a condition of his confinement under the Eighth Amendment must demonstrate or indicate in some way the defendant's state of mind, showing that prison officials either established the condition in order to inflict wanton pain or were indifferent to whether the condition had this effect. *Wilson v. Seiter*, 501 U.S. 294, 298–304, 111 S.Ct. 2321, 2324–27, 115 L.Ed.2d 271 (1991). Negligence alone does not constitute a valid Eighth Amendment claim. *Estelle*, 429 U.S. at 106 & n. 14, 97 S.Ct. at 292 & n. 14. Negligence, gross negligence, or even ordinary recklessness (as those terms are used in tort cases) are not actionable under § 1983 and the Eighth Amendment. Negligence, gross negligence, and ordinary recklessness all lack sufficient deliberateness to be the basis for a claim under the Eighth Amendment. See *Santiago v. Lane*, 894 F.2d 218 (7th Cir.1990).

It is entirely possible that allegations of negligence, gross negligence or ordinary recklessness may, in certain instances, state a claim in an appropriate forum such as that of state tort law. It is therefore possible that plaintiffs may be able to pursue their claims through other means under appropriate state laws such as those dealing with negligence or malpractice. Plaintiff's have indicated that state court actions are currently being pursued. The Court expresses no opinion in that regard. Nevertheless, such allegations do not state a violation of the Constitution or of federal law, which prisoners must do to bring an action pursuant to § 1983.

■ Considering the facts as stated in the complaint, there is nothing to show that plaintiffs' allegations, even if true, rise to the level of deliberate indifference. There is nothing submitted to this Court to indicate that defendants had a sufficiently culpable state of mind. The question is not whether hazardous materials exist at the prison, but whether the prison's response was so inadequate that it indicated deliberate indifference. Plaintiffs have failed to show that defendants were indifferent to their health, and they have failed to show that any indifference was deliberate.

Defendants have alleged that the asbestos in the prison is regularly inspected and maintained. Defendants further allege that the institution's water is regularly monitored. Plaintiffs have not produced any facts to challenge these allegations, but instead allege that defendants' efforts are inadequate or are being performed negligently, and therefore fail to remove the risk to inmates. Plaintiffs do not dispute defendants' allegations that the prison was surveyed for asbestos containing material in need of repair. Plaintiffs' own affidavits indicate that damaged asbestos containing materials were repaired within sixty days. (See Affidavit of Vances H. Smith, page 1, paragraph 3). Although this may not have been as fast a response as plaintiffs desire, it does not indicate that prison officials have completely failed to address the problem. Asbestos exists in many public buildings, and exposure to moderate levels of asbestos for limited periods of time is a common fact of contemporary life which does not by itself violate the constitution. *McNeil v. Lane,* 16 F.3d 123 (7th Cir.1993).

Plaintiffs also acknowledge that the water is being tested for contaminants. Materials submitted by plaintiffs support their allegations that prison officials have experienced significant problems with hazardous waste, and are under a July 1993 state court order to draft a plan to deal with the matter. However, nothing in these materials suggests that officials have deliberately ignored the problem. The fact that prison officials may have had problems in developing a plan to deal with hazardous waste does not show deliberate indifference, and falls short of the required showing that the particular defendants named by plaintiffs purposefully failed to address the problem. Plaintiffs further take issue with an alleged failure to inform inmates about the hazards, but again, this failure by itself does not show that defendant's have otherwise failed to take reasonable measures to respond to the risk.

■ Therefore, neither the attitude nor the motives of these defendants has been shown to be constitutionally improper. The Court will not infer an improper motive on the part of prison officials without some fact to support such an inference. See *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). There are no facts in the complaint to support an allegation that defendants had a sufficiently culpable state of mind, and no facts to indicate that defendants completely disregarded or ignored plaintiff's safety. Consequently, plaintiffs are unable to provide the subjective component of deliberate indifference which is necessary for a claim under the Eighth Amendment. See *Helling,* —— U.S. ——, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Farmer v. Brennan,* —— U.S. ——, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In the absence of any evidence or facts indicating a deliberate failure to make any effort to minimize serious risks to inmates, plaintiffs cannot prevail at trial. Summary judgment is therefore appropriate.

### CONCLUSION

Plaintiffs have failed to establish that there are any genuine issues of fact remaining. Additionally, as pointed out above, plaintiffs have failed to make a showing sufficient to establish the existence of deliberate indifference, an element essential to their case, and on which they will bear the burden of proof at trial. The Court finds that since the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine need for trial and summary judgment is proper. Accordingly, for all of the above reasons, the Court finds that there are no genuine issues of fact, and that defendants are entitled to summary judgment on all issues as a matter

of law. Defendants' motion for summary judgment will be GRANTED.

### ORDER

**IT IS THEREFORE ORDERED** that defendants' motion for summary judgment be and hereby is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff's motions for declaratory judgment and appointment of expert witness be and hereby are DENIED WITH PREJUDICE.

**IT IS FURTHER ORDERED** that Roberto Hinojosa's motion to intervene be and hereby is DENIED WITH PREJUDICE.

SO ORDERED.