James M. GONYER, Craig S. Hill Sr. and other similarly situated inmates at the Franklin County House of Correction, Plaintiffs,

v.

Franklin County Sheriff Fredrick Mc-DONALD, Town of Greenfield and Franklin County House of Correction.

Civ. A. No. 94–30213–MAP.

United States District Court, D. Massachusetts.

Feb. 1, 1995.

James M. Gonyer, pro se.

Craig S. Hill, Sr., pro se.

Charles B. Straus, III, Richard C. Van Nostrand, Mirick, O'Connell, DeMaille & Lougee, Worcester, MA, for Fredrick McDonald, Town of Greenfield.

*MEMORANDUM REGARDING DEFEN-DANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTIONS TO AMEND THE COMPLAINT*

(Docket Nos. 8, 9 & 14)

PONSOR, District Judge.

## I. *INTRODUCTION*

*Pro se* plaintiffs James M. Gonyer and Craig S. Hill, Sr., inmates at the Franklin County House of Correction, allege that pervasive exposure to airborne asbestos fibers throughout the prison facility violates prisoners' Eighth Amendment right to be free from cruel and unusual punishment. In their amended complaint, plaintiffs further allege that the presence of asbestos fibers in the prison living and eating areas violates Massachusetts health and sanitation codes.

Gonyer and Hill contend that defendants, Franklin County Sheriff Fredrick McDonald, Franklin County House of Correction and the City of Greenfield, have known of inmates' exposure to asbestos for years and have done nothing, indeed ignored, the substandard health conditions at the prison. Plaintiffs seek injunctive relief and monetary damages.

Defendants have moved to dismiss the complaint because the original pleadings and first amended complaint incorrectly asserted diversity of citizenship between the parties, 28 U.S.C. § 1332, as the basis for this court's jurisdiction.

As currently set forth, plaintiffs' jurisdictional claim is technically not cognizable since it is alleged pursuant to non-existent federal statutes—the "Toxic Exposure to Asbestos Tort Claim ... [and] 28 U.S.C. 1943." In their amended filings, plaintiffs allege that the legal deficiencies in their complaint are due, at least in part, to their lack of access to legal assistance or to an adequate, updated law library. It is quite possible that plaintiffs confused the statute numbers, intending to allege jurisdiction pursuant to 42 U.S.C. § 1983. In any case, these drafting flaws are not fatal to the complaint.

In a third amended complaint, dated November 20, 1994, the plaintiffs set forth factual and legal allegations sufficient to make out a violation of the Eighth Amendment. Therefore, in accordance with the liberal standards used to review pleadings from *pro se* prisoner litigants, the court will allow plaintiffs' motions to amend and deny defendants' motion to dismiss on jurisdictional grounds. The court's reasoning is set forth below.

## II. THE COMPLAINT AND STANDARD OF REVIEW

At the outset, the court notes that pleadings filed by *pro se* litigants are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). This looser standard requires the court to be especially indulgent in accepting the truth of the factual averments of the complaint and to consider every inference helpful to the plaintiffs' cause. *See Garita Hotel Ltd. Partnership v. Ponce Fed. Bank., F.S.B.*, 958 F.2d 15, 17 (1st Cir.1992). Accordingly, in ruling on these motions, the court is required to look to the allegations of the complaint, and "if under any theory they are sufficient to state a cause of action in accordance with the law, a motion to dismiss the complaint must be denied." *Knight v. Mills*, 836 F.2d 659 (1st Cir.1987).

Plaintiffs claim that upon incarceration at the Franklin County House of Correction, they realized that prisoners were exposed to "raw, open and dry asbestos fibers." Gonyer and Hill claim to have received a Department of Health and Public Safety report listing numerous health code violations at the prison for exposed asbestos-covered pipes. Plaintiffs allege that, despite their knowledge of the serious health hazard posed by exposure to asbestos, defendants took no action to "cure and amend these violations." Finally, Gonyer and Hill point out the accepted medical wisdom that exposure to asbestos fibers may cause serious disease.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 1983, a county prisoner may bring an Eighth Amendment claim that environmental hazards in a prison, such as exposed asbestos, pose an unreasonable risk of serious damage to future health. *Helling v. McKinney*, —— U.S. ——, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Powell v. Lennon*, 914 F.2d 1459 (11th Cir.1990); *Smith v. Fiedler*, 867 F.Supp. 832 (E.D.Wis.1994). A well pled complaint of this variety should allege an objective component (was the deprivation sufficiently serious?) and a subjective component (did the official/s act with a sufficiently culpable state of mind?). *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *DesRosiers v. Moran*, 949 F.2d 15, 18 (1st Cir.1991). In other words, plaintiffs must plead facts which show a deliberate indifference to a risk of serious damage to their future health, specifically exposure to an unreasonable level of asbestos. *Helling v. McKinney*, —— U.S. at —— - ——, 113 S.Ct. at 2481–2482.

Plaintiffs' allegations comport with this standard. Pertinent to the objective inquiry are allegations that there are free-floating asbestos fibers in the prison environment. *Cf. McNeil v. Lane*, 16 F.3d 123, 124–125 (7th Cir.1994) (mere presence of asbestos-covered pipes does not constitute an Eighth Amendment violation). It is significant that plaintiffs further claim that the presence of asbestos fibers violates state health codes and that the prison has been cited for these violations. The Court has long held that, in determining what is to be considered cruel and unusual punishment, reference must be made to the evolving standards of decency that mark the progress of society. *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958). With respect to prison health hazards, state health codes reflect established public attitudes as to what those standards are. *Good v. Commissioner of Correction*, 417 Mass. 329, 335, 629 N.E.2d 1321 (1994). The factual allegations of the complaint adequately support the claim that defendants' action is sufficiently serious to constitute an Eighth Amendment violation. *See DesRosiers v. Moran*, 949 F.2d 15, 18 (1st Cir.1991).[1]

Gonyer and Hill maintain that the chief prison official, defendant McDonald, knew for several years that the presence of

---

1. Strikingly similar facts were alleged by plaintiffs in *Scarpa v. Dubois*, 25 F.3d 1037 (1st Cir. 1994) (Table). However, First Circuit Local Rule 36.2(b)(6) prevents the court from citing this unpublished disposition as precedent. The parties may nonetheless find the unpublished disposition instructive. *See Scarpa v. Dubois*, 1994 WL 242146 (1st Cir.Mass. June 6, 1994).

asbestos in the prison air violated state health codes. On the pleadings, this allegation is sufficient to satisfy the subjective component of the Eighth Amendment inquiry: did the official/s act with a sufficiently culpable state of mind? *Id.* The allegations that prison officials knew for years that unacceptable levels of asbestos fibers contaminated living and eating facilities in the prison, if true, would undoubtedly show a deliberate indifference to a serious health risk.

■ Plaintiffs' assertion that exposure to asbestos fibers causes cancer states a cognizable Eighth Amendment harm. As the Court has aptly noted, a prison inmate may successfully complain about demonstrably unsafe drinking water without waiting for an attack of dysentery. *Helling v. McKinney,* —— U.S. at ——, 113 S.Ct. at 2480. Indeed, the Court further stated that it "would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prisons on the ground that nothing yet had happened to them … A remedy for unsafe conditions need not await a tragic event." *Id.* at ——, 113 S.Ct. at 2480.

Plaintiffs will undoubtedly face serious, possibly insurmountable, challenges in proving both the objective and subjective elements of this Eighth Amendment claim. However, the court's role at this stage is only to determine whether plaintiffs' allegations, if true, state a cognizable claim. On this limited issue, plaintiffs must prevail. At this stage it is plain that, despite technical deficiencies, the factual allegations in the complaint provide sound jurisdictional and legal grounds upon which plaintiffs may proceed.

## IV. *CONCLUSION*

For the foregoing reasons, plaintiffs' motions to amend their complaint are ALLOWED and defendants' motion to dismiss is DENIED. The court will take under advisement plaintiffs' renewed motion seeking appointment of counsel (Docket No. 10) and attempt to secure the services of an attorney for subsequent proceedings in this matter.

A separate order will issue.

### ORDER

For the reasons stated in the accompanying Memorandum, defendants' Motion to Dismiss (Docket No. 8) is hereby DENIED and plaintiffs' Motions to Amend Complaint (Docket Nos. 9 & 14) are hereby ALLOWED. Plaintiffs' renewed Motion for Appointment of Counsel (Docket No. 10) is hereby taken under advisement. The court will attempt to secure the services of an attorney for subsequent proceedings in this matter.