77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry D. RAVER, Plaintiff-Appellant,
Darryl E. Adkins; Daniel George Karnes; Walter C. Evans;
Carl T. Zelinsky, Jr.; Deric Mott, Sr., Plaintiffs,
v.
Reginald A. WILKERSON, et al., Defendants-Appellees.
 No. 95-3549.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 Before: ENGEL, BROWN and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Larry D. Raver appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Raver and five fellow Ohio prisoners filed their complaint and an amended complaint in the district court alleging that they were exposed to impermissible levels of asbestos and environmental tobacco smoke (ETS) in the Chillicothe Correctional Institution (CCI). Plaintiffs named the Governor of Ohio, the Director of the Ohio Environmental Protection Agency, and various Ohio prison officials in their individual and official capacities and sought injunctive relief and compensatory and punitive damages. The parties consented to trial of the case before the magistrate judge. Defendants then filed a motion for summary judgment, and plaintiffs responded in opposition. The magistrate judge granted summary judgment for defendants. Only plaintiff Raver filed a timely notice of appeal, and the magistrate judge granted Raver leave to proceed in forma pauperis on appeal.
 
 
 3
 On appeal, Raver contends: (1) that summary judgment for defendants was improper on various grounds; (2) plaintiffs did not have sufficient opportunity to complete discovery; and (3) defendants violated a standard of care owed plaintiffs under state law. Defendants respond that Raver's claims on appeal are without merit.
 
 
 4
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes that might affect the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. Anderson, 477 U.S. at 249-50. The nonmoving party is required to show more than a metaphysical doubt as to the material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).
 
 
 5
 Generally, exposure of an inmate to an unreasonable risk of serious damage to future health may violate the Eighth Amendment. Helling v. McKinney, 113 S.Ct. 2475, 2481-82 (1993). However, plaintiff must demonstrate that defendants were deliberately indifferent in subjecting him to allegedly unconstitutional conditions of confinement. See Wilson v. Seiter, 501 U.S. 294, 303 (1991). The pertinent inquiry contains both objective and subjective components. Id. at 297-300. Plaintiff must show that defendants failed to take reasonable measures to abate a known and substantial risk of serious harm. See Farmer v. Brennan, 114 S.Ct. 1970, 1977-84 (1994). In this case, plaintiff cannot show that defendants failed to take reasonable steps to abate an unreasonable risk or that they acted with a culpable state of mind. See Helling, 113 S.Ct. at 2482; Gonyer v. McDonald, 874 F.Supp. 464, 466-67 (D.Mass.1995).
 
 
 6
 Plaintiff's remaining claims on appeal lack merit. First, plaintiff's claim that the district court failed to rule on plaintiffs' motion to compel defendants to produce discovery lacks merit because plaintiff cannot point to any discoverable evidence which would establish a genuine issue of material fact remaining for trial. See Gordon v. Barnes Pumps, Inc., 999 F.2d. 133, 138 (6th Cir.1993); Gibson v. Foltz, 963 F.2d 851, 855 (6th Cir.1992). Finally, plaintiff's contention that defendants violated a standard of care owed him under state law simply does not implicate constitutional concerns cognizable under § 1983.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.