**Ronald L. JOHNSON, Plaintiff,**

v.

**Larry DUBOIS, et al., Defendants.**

**CA No. 95–10540–JLT.**

United States District Court,
D. Massachusetts.

April 28, 1998.

Daniel H. Conroy, Goldstein & Manello, P.C., Boston, MA, for Ronald L. Johnson, plaintiff.

Ronald L. Johnson, MCI Shirley, Shirley, MA, pro se.

Thomas E. Abruzzese, Boston, MA, for Larry Dubois, Peter Argeropolus, Hutch Aghjayan, John Cilrila, Jack Cherry, Archy Sotir, Jack McNamee, defendants.

## MEMORANDUM

TAURO, Chief Judge.

Plaintiff, who is presently serving a life sentence at M.C.I. Shirley, filed this action, pro se, alleging personal injury resulting from asbestos exposure.

The complaint names eight defendants, each in their individual and official capacities. Included among the defendants are: the Governor of Massachusetts; the Commissioner of Corrections; the Head of Industries for Department of Corrections, ("D.O.C."); the Director of Industries for the D.O.C.; and four correctional instructors for the D.O.C.

The Plaintiff seeks monetary damages, declaratory judgment, and injunctive relief.

### I. *Background*

Plaintiff contends that he was exposed to asbestos while working on a D.O.C. inmate renovation crew during his incarceration. He further alleges that his supervisors forced him to work with the hazardous material without protective clothing or devices and

told him that, if he did not cooperate, they would transfer him to higher security, thereby foreclosing any opportunity to proceed to lower security levels or maintain minimum security privileges, including furloughs.

In the complaint, Plaintiff chronicles, in detail, alleged direct contact with asbestos while renovating the Concord Farm Facility from April through August of 1982. Allegedly, Plaintiff spent a significant portion of his time tearing insulation, which he believes contained asbestos, off pipes in those buildings being renovated. Additionally, Plaintiff contends he had similar direct exposure to asbestos while confined at Bay State Correctional Center from 1985 through 1987. During this time, Plaintiff worked on at least three renovation jobs, including Westborough State Hospital, Medfield State Hospital and Metropolitan State Hospital, which resulted in this unprotected contact with asbestos.

In both instances, Plaintiff alleges that he inquired about the nature of the materials he was handling and whether direct exposure to asbestos was hazardous. Plaintiff claims that, at all times, the correctional officers in charge told him not to worry about the materials and to stop asking questions or he would be sent to a higher security facility. Plaintiff alleges he was never told whether he was working with asbestos and was never given any type of breathing protection.

Plaintiff does not suffer from asbestosis. Plaintiff contends, however, that he suffers emotional distress. Because disease may not occur until decades after exposure to asbestos, Plaintiff alleges that he is constantly worried about his health, loses sleep over the possibility of contracting asbestosis or other forms of lung disease, and has constant headaches.

## II. *Analysis*

Defendants' motion for a ruling on the pleadings or, in the alternative, summary judgment is based on two grounds. The first is that, because Plaintiff has not alleged any actual injury, he has failed to state a claim upon which relief can be granted. The second is that, because Plaintiff has produced no credible evidence that he was ever exposed to asbestos, he has failed to place this material fact in dispute. Because the court should clearly analyze Defendant's first argument under the dismissal standard for failure to state a claim, whereas it should more appropriately handle Defendants' second argument under the fact-based summary judgement standard, it has separated the two for the purpose of analysis.

### A. *Defendants' Motion for Ruling on the Pleadings*

#### 1. *Standard of Review*

The purpose of a motion to dismiss pursuant to Federal Rule of Civil procedure 12(b)(6) is to "test the formality of the statement of the claim for relief." *International Bank of Miami v. Banco de Economias y Prestamos,* 55 F.R.D. 180, 185 (D.P.R.1972). A defendant who presents a motion to dismiss admits, for the purposes of the motion, all of the material allegations of the complaint but "does not admit any conclusion of law or unwarranted deductions of fact made therefrom." *Id.* In deciding such a motion, the court must, therefore, view all material allegations in the light most favorable to the plaintiff and resolve all doubts in his favor. *Dunn v. Gazzola,* 216 F.2d 709 (1st Cir.1954). The court should not dismiss a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

#### 2. *The Sufficiency of Plaintiff's Complaint*

Although the complaint cites several provisions of the United States Code, most of which are seemingly irrelevant, this is, in essence, a claim that Plaintiff's exposure to asbestos posed an unreasonable risk of serious damage to future health within the meaning of the Eighth Amendment. Because the complaint was drafted pro se, this court will "look to the allegations of the complaint, and 'if under any theory they are sufficient to state a cause of action in accordance with the law, a motion to dismiss the complaint must be denied.'" *Gonyer v. McDonald,* 874 F.Supp. 464 (D.Mass.1995) (citing *Knight v. Mills,* 836 F.2d 659 (1st Cir.1987)).

Defendants claim that, because Plaintiff does not suffer from asbestosis or other

physical injuries suffered as a result of the alleged exposure, Plaintiff has failed to state a claim upon which relief can be granted even under this lax standard. Defendants state that Plaintiff's damages are speculative at best.

This is not an adequate basis for granting Defendants' motion. In *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), the Supreme Court held that a prisoner may bring an Eighth Amendment claim that environmental hazards in a prison, such as involuntary exposure to second hand smoke, pose an unreasonable risk of serious damage to future health. More particularly, in a similar Eighth Amendment case, *Gonyer v. McDonald*, 874 F.Supp. 464 (D.Mass.1995), Judge Ponsor held that physical injury is not necessary to state an Eighth Amendment claim based on asbestos exposure. Judge Ponsor further held that the "assertion that exposure to asbestos fibers causes cancer states a cognizable Eighth Amendment harm" and that "a remedy for unsafe conditions need not await a tragic event." *Id.* at 467 (citing *Helling v. McKinney*, 509 U.S. at 33, 113 S.Ct. 2475).

Although this Circuit has also held that the "mere presence of asbestos [in a contained state] does not violate the Eighth Amendment," *Scarpa v. Dubois*, 25 F.3d 1037(1994), Plaintiff in this case alleged direct exposure to ripped asbestos pipe insulation six days a week, for two and a half years. Accordingly, there is no direct legal support for Defendants' position that Plaintiff has not stated a claim upon which relief may be granted solely because he has not yet been diagnosed with cancer.

■ Additionally, Plaintiff alleges emotional distress, which may be a proper basis for an Eighth Amendment claim. *Hobbs v. Lockhart*, 46 F.3d 864, 869 (8th Cir.1995) ("We cannot conclude that plaintiff's emotional distress was not an injury serious enough to be constitutionally cognizable"). *See also, Miller v. Glanz*, 948 F.2d 1562, 1568 (10th Cir.1991). In accord, this court finds that Plaintiff has properly alleged an Eighth Amendment claim and, therefore, Defendant's motion is DENIED in so far as it requests judgment on the pleadings.

B. *Defendant's Motion for Summary Judgment*

1. *Standard of Review*

Summary judgment is warranted when there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). To avoid summary judgment, the nonmovant must demonstrate a genuine dispute "over facts that might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The movant, however, is not required to make an affirmative showing that there are no material facts in issue. Instead, the movant must show only an "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Furthermore, "[o]n issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991).

2. *Evidence of Exposure to Asbestos*

■ Defendants argue that they are entitled to summary judgment because there is no competent evidence that Plaintiff was ever exposed to asbestos. In their Answer, Defendants deny that Plaintiff was ever exposed to asbestos. Because, at trial, Plaintiff will bear the significant burden of proving the elements of an Eighth Amendment environmental hazard claim, including his actual exposure to asbestos, Plaintiff must now producing probative evidence of such exposure in order to avoid dismissal. *See Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

Plaintiff, however, does not provide any evidence of exposure beyond his belief as stated in his affidavit. His belief appears to be based on news articles that he read, stating that almost all buildings erected before 1970 used asbestos as a fire-proofing material.

In both of the central Eighth Amendment asbestos exposure cases from this circuit, the plaintiffs bolstered their claims of exposure by proffering documents from the local

health department, which confirmed the existence of asbestos. *Gonyer,* 874 F.Supp. at 466 (noting plaintiffs' claim that they had a Department of Health and Public Safety report listing health code violations at the prison for exposed asbestos-covered pipes); *Scarpa v. Dubois,* 25 F.3d 1037 (1st Cir.1994) (noting that plaintiff had a letter from the Director of the Division of Community Sanitation of the State Department of Public Health which cited the plaintiff's cell as containing ripped asbestos pipe insulation).[1]

By contrast, in this case, Plaintiff has failed to produce definite, competent evidence beyond his belief based-affidavit. Such evidence is legally insufficient to rescue Plaintiff's claim from summary judgment. *See Celotex,* 477 U.S. at 325, 106 S.Ct. 2548 (finding that the non-moving party, who bears the burden of proof at trial, may properly oppose summary judgment by producing credible evidence beyond the pleadings). Despite the fact that Plaintiff is now represented by counsel, as well as the fact that the court has allowed further discovery and has specifically directed that Department of Public Health records, be made available to counsel, Plaintiff has failed to produce any evidence that he was actually exposed to asbestos. This court, therefore, ALLOWS Defendants' motion for summary judgement.

### III. *Conclusion*

For the reasons set forth above, Defendants' Motion For a Ruling on the Pleadings is DENIED. Defendant's motion for Summary Judgment is ALLOWED.

**1.** Because the issue in *Helling* was whether a prisoner's involuntary exposure to an environmental hazard could be the basis of an Eighth Amendment claim, the Supreme Court never discussed what evidence would be sufficient for the plaintiff in that case to survive summary judgment.