Joseph BLATTNER, R. D. No. 3, Norristown, Pennsylvania,

v.

UNITED STATES of America, Acting Through the County Production and Marketing Administration Committee for Montgomery County, State of Pennsylvania, 478 Main Street, Collegeville, Pennsylvania.

Civ. A. No. 17502.

United States District Court, E. D. Pennsylvania.

Feb. 3, 1955.

J. Kennard Weaver, Philadelphia, Pa., for plaintiff.

W. Wilson White, U. S. Atty., Francis Ballard, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

GRIM, District Judge.

Plaintiff owns and operates a farm of about 108 acres in Montgomery County, Pennsylvania, where, among other crops, he raises wheat. All the wheat harvested is fed to chickens raised on the farm, and all the chickens and eggs therefrom are sold locally within the state of Pennsylvania.

Defendant, the United States of America, acting through the County Production and Marketing Administration Committee for Montgomery County, issued an order[1] permitting plaintiff to grow and harvest wheat on only 16 acres of his farm during the year 1954. Plaintiff, however, raised and harvested 24 acres of wheat during 1954, whereupon the Government notified[2] plaintiff that he had an excess wheat acreage of 8 acres, or 160 bushels of wheat at the normal yield of 20 bushels per acre. Acting within its powers under the Agricultural Adjustment Act of 1938,[3] the Government demanded that plaintiff pay a penalty of $1.12 per excess bushel, or store the excess wheat and deposit with the Government a sum equal to the amount of the penalty.[4] In addition, the Government has refused to issue plaintiff a marketing card,[5] thereby restricting his right to sell wheat on the open market.

Plaintiff has filed this action seeking a decree enjoining (1) the enforcement of the Act and the Government's regulations thereunder, (2) the collection of the penalty, (3) the imposition of further restrictions on the types and size of crops to be raised by plaintiff on his farm, and (4) the imposition of restrictions as to the sale of farm produce by the plaintiff. In support of these requests for relief, plaintiff alleges that the Government's conduct is unconstitutional in that it (1) deprives plaintiff of property without due process of law, (2) constitutes legislation by the executive branch of the Government, (3) denies plaintiff the equal protection of the law, (4) takes plaintiff's property for the private benefit of others without compensation, and (5) constitutes a regulation of purely intrastate commerce.

The Government has filed a motion to dismiss the complaint averring, among other things, that the complaint fails to state a claim upon which relief can be granted.

The Government's motion to dismiss must be granted. All of plaintiff's contentions were raised in the case of Wickard v. Filburn, 317 U.S. 111, 63 S.Ct. 82, 87 L.Ed. 122, and were there decided adversely to the contentions of plaintiff

---

1. Pursuant to Sec. 728.416 of the wheat acreage allotments regulations, 18 Fed. Reg. 3162.

2. Form MQ–93–Wheat (1954), Notice of 1954 Farm Marketing Quota and Farm Marketing Excess of Wheat.

3. C. 30, § 1, 52 Stat. 31, 7 U.S.C.A. § 1281 et seq.

4. Sec. 728.475 of the wheat marketing regulations, 19 Fed.Reg. 206.

5. Sec. 728.466 of the wheat marketing regulations, 19 Fed.Reg. 205.

**630**

by the Supreme Court of the United States.

And now, February 3, 1955, in accordance with the foregoing opinion, defendant's motion to dismiss the complaint is granted and the complaint is hereby dismissed.