**Stanley STOUT and Frances Stout, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 122, Docket 23753.

United States Court of Appeals Second Circuit.

Submitted Jan. 16, 1956.

Decided Feb. 6, 1956.

Taylor, Corcoran & Jennings, Penn Yan, N. Y. (Paul Reed Taylor, Penn Yan, N. Y., of counsel), for plaintiffs-appellants.

John O. Henderson, U. S. Attorney in and for the Western District of New York, Buffalo, N. Y. (Donald F. Potter, Rochester, N. Y., Asst. U. S. Atty., of counsel), for defendant-appellee.

Before MEDINA, HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

Plaintiffs complain that the existing wheat quotas imposed under 7 U.S.C.A. § 1281 et seq. prevent them from raising sufficient grain to feed their poultry and cattle and from properly rotating

their crops. They brought this action against the United States seeking to have these provisions declared unconstitutional and their enforcement enjoined, because of their discriminatory voting provisions.

Although Blattner v. United States, D.C., 127 F.Supp. 628, affirmed 3 Cir., 223 F.2d 468, which seems directly in point, is authority for dismissal on the merits under the rule stated in Wickard v. Filburn, 317 U.S. 111, 63 S.Ct. 82, 87, L.Ed. 122, we do not reach the substantive question. Neither by the Declaratory Judgments Act, 28 U.S.C.A. §§ 2201, 2202, nor otherwise has the United States consented to be sued in this type of action. Brownell v. Ketcham Wire & Mfg. Co., 9 Cir., 211 F.2d 121; Blattner v. United States, 3 Cir., 223 F.2d 468. Without such consent, it is immune to suit. Accordingly, we hold that the District Court lacked jurisdiction over the defendant, and hence the action was properly dismissed.

Affirmed.