# AMERICAN ASSOCIATION OF COMMODITY TRADERS, Plaintiff, Appellant,

v.

# DEPARTMENT OF the TREASURY, Internal Revenue Service and United States of America, Defendants, Appellees.

### No. 79–1019.

United States Court of Appeals, First Circuit.

Argued April 5, 1979.

Decided May 31, 1979.

David C. Buxbaum, New York City, with whom Vincent C. Martina, Amherst, New Hampshire was on brief, for plaintiff, appellant.

Leonard J. Henzke, Jr., Atty., Tax Div., Dept. of Justice, Washington, D. C., with whom William H. Shaheen, U. S. Atty., Concord, N. H., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Richard D. Buik, Attys., Tax Div., Dept. of Justice, Washington, D. C., were on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

This is an appeal from the district court's dismissal of a complaint seeking recovery of damages resulting from defendants' failure to grant plaintiff tax-exempt status under the Internal Revenue Code. The district court dismissed for lack of subject matter jurisdiction. We affirm.

This dispute arises out of the alleged refusal of the Internal Revenue Service to process appellant's application for exempt status under 26 U.S.C. § 501(c)(3). Taking all of appellant's factual allegations to be true, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the record reveals that appellant first filed an application for a letter ruling in 1967. The Service

began initial processing of the application, issuing a comment letter and requesting additional information. The Service then apparently lost the application. Appellant's numerous queries concerning the status of the application and requests for processing fell on deaf ears for the next ten years.

Appellant brought suit against the Treasury Department, the Service, and the United States, alleging that agents of the IRS had maliciously pigeon-holed the application for a letter ruling. The complaint claimed damages in the amount of $10,000 for taxes illegally collected, $750,000 for injury to appellant's business, and $250,000 in punitive damages. Upon motion of the government, the district court denied appellant's request for a discovery order and dismissed the suit.

■ Appellant now advances numerous grounds to support federal jurisdiction, none of which have merit. First, appellant's recharacterization of its claim for taxes paid as "damages" resulting from the misconduct of IRS officials will not suffice to supplant the jurisdictional requirement that an administrative claim precede a refund suit. 26 U.S.C. § 7422(a); *Clement v. United States,* 472 F.2d 776, 778 (1st Cir.), *cert. denied,* 414 U.S. 864, 94 S.Ct. 115, 38 L.Ed.2d 85 (1973). When the injury claimed is payment of excessive income taxes and the defendant is the United States, no amount of artful pleading will convince us that the case is not a claim for refund of taxes.

■ Second, appellant's attempt to base jurisdiction for its other damage claims upon 28 U.S.C. § 1346(b) is defeated by two clear provisions of the Federal Tort Claims Act. We have little doubt that this suit falls within the FTCA exclusion of claims "in respect of the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c). In *Bob Jones Univ. v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974), the Court held that a suit to enjoin withdrawal of tax-exempt status is a suit "for the purpose of restraining the assessment or collection of any tax . . . ." 26 U.S.C.

§ 7421(a). Because the language of the FTCA is identical to that involved in *Bob Jones,* we think a suit seeking damages for the denial of tax-exempt status comes within the ban of section 2680(c).

Another and equally relevant provision is 28 U.S.C. § 2680(a) which commands that FTCA jurisdiction shall not exist where the act complained of involves "the exercise or performance or the failure to exercise or perform a discretionary function . . ." Nothing in the Internal Revenue Code requires the Commissioner to issue private letter rulings. When such rulings do issue, they represent the application of the Commissioner's unique expertise and judgment to a particular set of facts. We can think a few more discretionary functions than deciding how and when to issue private letter rulings. *See Coastwise Packet Co. v. United States,* 398 F.2d 77 (1st Cir.), *cert. denied,* 393 U.S. 937, 89 S.Ct. 300, 21 L.Ed.2d 274 (1968) (discussing valid policy reasons for excluding discretionary judgments from FTCA jurisdiction).

■ Appellant's attempt to find an independent grant of jurisdiction in the Administrative Procedure Act is clearly precluded by *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

■ Appellant's final argument would have us find jurisdiction under 28 U.S.C. § 1331(a) following the theory of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The most telling problem with this theory is that no agents of the federal government are parties to this suit, and even if they were, their presence would not affect our jurisdiction over defendant agencies of the United States. It seems clear that the sovereign immunity[1] of the United States is not waived simply because agents of the government may be *personally* liable for deprivation of constitutional interests. *Duarte v. United States,* 532 F.2d 850 (2d Cir. 1976); *see United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). We see no reason why defendants who can-

1. Appellant's lengthy arguments pointing out the limited good faith immunity applicable to the agents who allegedly refused to process the application, *see Butz v. Economou,* 438 U.S.

not be hailed into federal court under any theory of the case should be subjected to discovery proceedings simply because their employees might be subject to federal jurisdiction. Appellant argues that it could have amended its complaint to sue an "indeterminable Number of Federal Internal Revenue Agents", and that we should not apply arcane pleading requirements when an amendment would have saved the case.[2] Appellant misses the fundamental point that no amendment would be sufficient to keep *these defendants* in the case; if a case against IRS agents exists, that is a *different* case.

*Affirmed.*

478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) is, to put it kindly, misdirected. The issue here is sovereign immunity, not the personal immunity of federal officials.

**2.** Although we need not and do not decide the sufficiency of a *Bivens* claim against the individuals responsible for processing appellant's application, we think it appropriate to mention at this point our recent decision in *Francis-Sobel v. University of Maine,* 597 F.2d 15 (1st Cir. 1979). Nowhere in the voluminous argument in this case has appellant explained what constitutional interests were lost in the administrative delay of the IRS. Even if appellant would have been put to some trouble to judicially challenge the legal issue of exemption in a refund suit, it is not clear that every loss of potential help from a bureaucrat is a loss of a constitutional interest. *Francis-Sobel, supra.* More important for this case, judicial remedies are implied from the constitution only when there is no direct means for redress already available. Appellant in this case has for several years had available the judicial remedy of 26 U.S.C. § 7428, a declaratory judgment suit to establish exempt status, in addition to the ever present remedy of a refund suit.