**William M. GILDAY, Jr., Plaintiff,**

v.

**William WEBSTER, et al., Defendants.**

**Civ. A. No. 74–4169–C.**

United States District Court,
D. Massachusetts.

March 23, 1984.

See also, D.C., 544 F.Supp. 803.

Scott P. Lewis, Palmer & Dodge, Boston, Mass., for plaintiff.

Ralph Child, Asst. U.S. Atty., Boston, Mass., John W. Bishop, Sp. Asst. Atty. Gen., Dept. of Correction, Wm. D. Luzier, Asst. Atty. Gen., Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by an inmate serving a life sentence for first degree murder and armed bank robbery in a Massachusetts correctional institution. Defendants include William H. Webster, in his official capacity as Director of the Federal Bureau of Investigation. So much of the complaint as relates to Director Webster in his personal capacity was dismissed by this Court on September 28, 1982 on the grounds that this Court did not have personal jurisdiction over Director Webster in his personal capacity. In the complaint, plaintiff alleges that various state and federal officials have conspired to violate certain of his rights by the use of illegal interception of his oral communications, his written communications, and by seizure of what he describes as his legal work papers.

The matter is before the Court on the Director's motion to dismiss or in the alternative for summary judgment. The motion will be treated as a motion for summary judgment because it relies in part on affidavits from FBI Agents Paul L. Andrews, Eugene F. Walsh and Charles E. Colitre. The relief sought includes monetary damages and injunctive relief. Director Webster, as the only remaining federal defendant, seeks judgment as to the monetary damages on the grounds that a judgment against a federal official sued in his official capacity is, as a practical matter, a suit against the United States since any judgment against him in his official capacity would cause a disbursement from the United States Treasury.

He contends that such a suit is barred by the doctrine of sovereign immunity. *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). Director Webster argues that, in deciding whether an action is one against the government or not, the crucial question is who will pay the judgment. *Citing Stafford v. Briggs,* 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980) and *Land v. Dollar,* 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). The Director correctly contends that any monetary damages against him in his official capacity would operate, as a practical matter, as a judgment against the United States. *See Larson v. Domestic and Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

Plaintiff contends that those arguments of defendant are disposed of by *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and its progeny. I rule that a reading of *Bivens* shows that plaintiff's reliance thereon is totally misplaced since the opinion in that case makes clear that the Court permitted monetary relief against the federal defendants only in their personal capacities. Accordingly, *Bivens* does not control the instant case. *See Beller v. Middendorf,* 632 F.2d 788, 798 n. 5 (9th Cir. 1980), *cert. denied* 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 405 (1981); *American Association of Commodity Traders v. Dept. of Treasury,* 598 F.2d 1233, 1235 (1st Cir. 1979).

It is hornbook law that the United States may be sued only when Congress has waived sovereign immunity, *see United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976), and it is equally well settled that the only conceivable waiver of sovereign immunity in this case is lodged in the so-called Federal Tort Claims Act. 28 U.S.C. §§ 1346(b) and 2671 et seq. Under the Federal Tort Claims Act, it is a jurisdictional prerequisite to the filing of suit in the United States District Court that the plaintiff must first exhaust his administrative remedies. *See* 28 U.S.C. § 2675(a). Courts have uniformly strictly enforced the requirement of exhaustion of administrative remedies as a jurisdictional

prerequisite to suit. *See Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir.), *cert. denied*, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971). The affidavit of Special Agent Paul L. Andrews, Section Chief, Records Services Section, Records Management Division, FBI Headquarters, Washington, D.C., establishes that he is custodian of the records of all administrative claims filed with the FBI pursuant to 28 U.S.C. § 2675(a). Mr. Andrews' affidavit also establishes, without contradiction, that a search of those records establishes that no administrative claim was ever filed with the FBI either by, or on behalf of, Mr. Gilday on the basis of the conduct complained of in the instant case. For the above reasons, I rule on the basis of the doctrine of sovereign immunity that an order should enter dismissing so much of the second amended complaint as seeks to recover monetary damages from Director Webster in his official capacity.

Director Webster seeks to dismiss so much of the second amended complaint as seeks injunctive relief against him on the grounds that claims for injunctive and declaratory relief are now moot. The affidavit of Special Agent Charles E. Colitre establishes, without contradiction, that the FBI's interest in plaintiff Gilday personally stemmed from the fact that he was a suspect in the bank robbery and the murder of the police officer. The affidavit also establishes that Mr. Gilday was one of five suspects in that investigation and that the FBI presently is interested only in the location and apprehension of one Catherine Ann Power, one of the five original suspects, who remains on the police list of the ten most-wanted fugitives. The Colitre affidavit also establishes that the FBI is not in possession of any information that indicates that Gilday could be of any use to the FBI in attempting to locate Power.

More significantly as concerns the defendant Webster, the Colitre affidavit indicates that on April 23, 1973 the FBI placed a "stop" with MCI Walpole requesting MCI Walpole to notify the Boston office of the FBI if Gilday were transferred to another institution or released. The affidavit further establishes that the "stop" was removed on July 12, 1973 because as of that time Gilday was incarcerated under a life sentence. These actions took place more than four years before Mr. Webster began his duties as Director of the FBI.

■ A request for injunctive relief is addressed to the discretion of the trial court. *Castro v. Beecher*, 386 F.Supp. 1281 (D.Mass.1975). The purpose of exercising the injunctive powers of the Court is to " 'prevent existing or presently threatened injuries' and 'will not be granted against something merely feared as liable to occur at some indefinite time or in the future,' *Connecticut v. Massachusetts*, 282 U.S. 660, 674 [51 S.Ct. 286, 291, 75 L.Ed. 602] [(1930)] ... The injury complained of must be of such *imminence* that there is a 'clear and present' need for equitable relief to prevent irreparable harm." *Ashland Oil, Inc. v. F.T.C.*, 409 F.Supp. 297 (D.D.C.1976). Plaintiff has not, and in the face of the Walsh affidavit cannot, demonstrate a need for injunctive relief. The affidavit of Eugene F. Walsh establishes that records of the electronic surveillance index maintained at FBI headquarters, of which he is the custodian, establish that since January 1, 1960 William M. Gilday, Jr., has never been the subject of an electronic surveillance of any kind by the FBI. This fact, taken with the FBI's lack of continued interest in Mr. Gilday established by the Colitre affidavit, shows that a need for injunctive relief requested herein is not shown or showable. Accordingly, I rule that an order should enter dismissing so much of the second amended complaint as seeks injunctive or declaratory relief against Director Webster in his official capacity.

In so ruling, I have in mind Fed.R.Civ.P. 56(e), which provides that "[w]hen a motion for summary judgment is made and supported [by affidavits], an adverse party may not rest upon the mere allegations or denials of his pleading."

Order accordingly.