**George M. WHITE, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

**Civ. A. No. 93–30233–MAP.**

United States District Court,
D. Massachusetts.

Aug. 15, 1995.

---

768

George M. White, Holyoke, MA, pro se.

Karen L. Goodwin, United States Attorney's Office, Springfield, MA, Beth A. Westerman, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for defendant.

PONSOR, District Judge.

Upon *de novo* review this recommendation is hereby adopted. The motion to dismiss is hereby allowed, for the reasons set forth in Judge Neiman's report. The error, if any, objected to by plaintiff does not affect the report's substance. The clerk is ordered to enter judgment for the defendant. So Ordered.

### REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS

NEIMAN, United States Magistrate Judge.

#### I. INTRODUCTION

Plaintiff George M. White, acting *pro se,* filed suit asserting a variety of claims against the Internal Revenue Service ("IRS"). Plaintiff claims, *inter alia,* that the IRS violated the "Taxpayer Bill of Rights" during an audit of his 1987 Form 1040X, that IRS agents caused damage to his health and well-being during several audits, that such actions violated his constitutional rights, and that the IRS provided defective "products and services." Defendant United States has moved to dismiss the complaint pursuant to both

Fed.R.Civ.P. 12(b)(1), for lack of jurisdiction, and Rule 12(b)(6), for failure to state a claim upon which relief can be granted. Defendant's motion has been referred to the Court for a report and recommendation pursuant to Rule 3 of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts. 28 U.S.C.A. § 636(b)(1)(B). The Court recommends granting Defendant's Motion to Dismiss for the reasons set forth below.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's suit was initiated in November, 1993, in order to "repair damage" to his health and well-being. In his complaint and subsequent filings, Plaintiff alleges that "reckless and unauthorized" actions by IRS commissioners and agents in both Florida and Massachusetts caused him unspecified personal injury in violation of the Taxpayer's Bill of Rights. Although identified in the complaint, none of these agents or former commissioners were ever named as defendants in this action; the action was initiated solely against Shirley Patterson in her role as Commissioner of IRS. In his "plea in response to defendant's answers" (Plea), ¶ 4 (Docket No. 07), Plaintiff requested that Defendant be changed from "Shirley Peterson, Commissioner" to simply "Commissioner of Internal Revenue." The United States was served as a defendant in December of 1994.

The Court has organized Plaintiff's claims, advanced in both his Complaint and his Plea, as much as possible. Plaintiff claims that he is entitled to damages for the IRS's alleged "reckless and unauthorized" actions in violation of the Taxpayer's Bill of Rights. Complaint, ¶ 4. Plaintiff alleges that he sustained unspecified injury from general "errors in judgment" by IRS employees and their specific failure to answer letters, return phone calls, and cooperate with Plaintiff. Complaint, ¶¶ 5, 6, 13, 14 and 16. For example, Plaintiff claims that his wife went into premature labor as a result of an IRS agent's failure to answer a letter. Complaint, ¶ 5. Plaintiff also alleges that an ombudsman failed to act under an Application for Taxpayer Assistance Order, Complaint, ¶ 19, and failed to suspend collection activities while his request for hardship was being processed. Plea, ¶ 12. Allegations arising from IRS audits include claims that agents misrepresented Plaintiff's income and failed to accept "valid facts and documents" presented by Plaintiff in regard to his business. Complaint, ¶¶ 8 and 12. In addition, Plaintiff alleges that an IRS supervisor's refusal to reschedule an audit caused Plaintiff to lose a substitute teaching job. Complaint, ¶ 9.

Various allegations of religious discrimination are also outlined in Plaintiff's complaint. These include allegations (1) that the Commissioner promoted "contradictory policy within the IRS in regard to religious freedom," (2) that an agent referred to Plaintiff's religion as a "controversial group," and (3) that the agents' failure to comply with the Supreme Court decision in *Hernandez v. Commissioner of Internal Revenue,* 490 U.S. 680, 109 S.Ct. 2136, 104 L.Ed.2d 766 (1989), *reh'g denied,* 492 U.S. 933, 110 S.Ct. 16, 106 L.Ed.2d 630 (1989), caused Plaintiff unspecified injury. Complaint, ¶¶ 7, 10 and 11.

Plaintiff also relies on IRS Publication # 594 for his claim of "product liability." Publication # 594 states, in applicable part, that "[t]he purpose of the IRS is to.... serve the public by continually improving the quality of our products and services; and perform in a manner warranting the highest degree of public confidence in our integrity, efficiency, and fairness." Plaintiff asserts that, "[i]f proper procedure had been followed by the agents, the product would have been a taxpayer who has met every obligation without violation of the Constitutional right to freedom from fear." Plea, ¶ 14. Plaintiff alleges that the IRS, as the producer of a "product," is subject to product liability law. Finally, Plaintiff claims that an alleged "illegal" tax lien was filed by the IRS for the 1987 tax year. Complaint, ¶ 15. Plaintiff asserts that all remedies at law have been exhausted.

Plaintiff initially sought injunctive relief for the "speedy settlement" of issues in the tax audits performed for calendar years 1987, 1988 and 1989. The government asserts that these claims are barred by the Anti–Injunction Act, 26 U.S.C. § 7421. However, Plain-

tiff indicated in his Plea, as well as in his Pre–Trial Memorandum (Docket No. 19), that he was in the process of a final settlement for the 1988 and 1989 tax years and that he received a refund check for the 1987 tax year, which mooted claims for injunctive relief and, impliedly, the removal of the lien. Despite Plaintiff's written assertions, he indicated at the hearing on Defendant's motion to dismiss that he was not waiving any claims. Therefore, for the purposes of this report and recommendation, the Court considers all of Plaintiff's claims outstanding.

### III. MOTION TO DISMISS STANDARDS

■■■ When a Court is faced with a motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.Pro. 12(b)(1), the party asserting jurisdiction has the burden to establish through competent proof that jurisdiction exists. *O'Toole v. Arlington Trust Co.*, 681 F.2d 94, 98 (1st Cir.1982). See also *Stone v. Dartmouth College*, 682 F.Supp. 106, 107 (D.N.H.1988). The competent proof standard permits a court to require that the party asserting jurisdiction justify its allegations by a preponderance of evidence. *Racich v. Mid Continent Builders Co.*, 755 F.Supp. 228, 229 (N.D.Ill.1991), citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). When determining whether it is vested with jurisdiction to hear a particular case, the court must construe the allegations of the complaint in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). However, a court is not bound by the allegations in the pleadings when considering motions to dismiss for lack of subject matter jurisdiction brought under Rule 12(b)(1). The Court can look beyond the pleadings—to affidavits and depositions—in order to determine jurisdiction. See Wright & Miller, Federal Practice and Procedure: Civil § 1363 (1990).

■■■ With regard to Fed.R.Civ.Pro. 12(b)(6), a motion to dismiss is designed to test the legal sufficiency of the complaint. "The Court's function on a Rule 12(b)(6) motion is not to weigh the evidence which might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Festa v. Local 3 International Brotherhood of Electrical Workers*, 905 F.2d 35, 37 (2d Cir.1990). A motion to dismiss requires the Court to accept "the factual averments contained in the complaint as true, indulging every reasonable inference helpful to the plaintiff's cause." *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B*, 958 F.2d 15, 17 (1st Cir.1992). See also *Pihl v. Massachusetts Dep't of Educ.*, 9 F.3d 184, 187 (1st Cir.1993). The First Circuit has stated that it will affirm a dismissal for failure to state a claim only if it appears, according to the facts alleged, that the claimant cannot recover on *any* viable theory. *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 998 (1st Cir.1992). However, "[d]espite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990).

■■■ The Court must take special care when ruling on motions concerning pleadings filed by *pro se* litigants, as in the situation here, as they are held to a less stringent standard than those drafted by lawyers. *Gonyer v. Franklin County Sheriff Fredrick McDonald*, 874 F.Supp. 464 (D.Mass.1995), citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), *reh'g denied*, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972), and *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). When the Court looks to the allegations in a *pro se* litigant's complaint and "if under any theory they are sufficient to state a cause of action in accordance with law, a motion to dismiss the complaint must be denied." *Gonyer, supra*, citing *Knight v. Mills*, 836 F.2d 659 (1st Cir. 1987). This standard requires the Court to be especially indulgent in accepting the truth of the factual averments of the complaint and to consider every inference helpful to the plaintiff's cause.

Despite the required indulgence due Plaintiff, the Court can find no theory under which his pleadings are sufficient to create a

viable cause of action over which the Court has jurisdiction. The Court recommends that Defendant's Motion to Dismiss be granted.

## IV. DISCUSSION

In its motion to dismiss, Defendant asserts that Plaintiff has not adequately alleged economic loss as a result of IRS collection activities; that Plaintiff has failed to exhaust administrative remedies; that IRS actions were discretionary activities which are not subject to review; that Plaintiff's claims do not create a federal torts issue; and that Plaintiff's claims, including his constitutional claims, are barred by sovereign immunity. For the reasons set forth below, the Court recommends dismissal of Plaintiff's complaint.

### A. Collection activity

■ Section 7433 of the Internal Revenue Code, which was added as part of the Omnibus Taxpayer's Bill of Rights, is a limited waiver of sovereign immunity. 26 U.S.C. § 7433. It allows taxpayers to recover civil damages for certain unauthorized collection activities by the IRS, but only when IRS employees cause the damage through reckless or intentional disregard of the Internal Revenue Code or regulations during the collection of a federal tax. 26 U.S.C. § 7433(a).[1] As a prerequisite to filing such an action, a taxpayer must exhaust all administrative remedies within the IRS. 26 U.S.C. § 7433(d)(1). See Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir.1992); and Information Resources, Inc. v. United States, 950 F.2d 1122, 1127–28 and n. 4 (5th Cir. 1992).

To the extent that Plaintiff seeks damages under Section 7433, he has failed to comply with its jurisdictional prerequisites. First, Plaintiff has not provided the specificity needed to demonstrate that he exhausted his administrative remedies, a requirement on which a plaintiff bears the burden of plead-

ing, production and, ultimately, proof. Plaintiff has asserted that "all remedies under law have also been exhausted," Complaint, ¶ 3, but he has not presented any evidence on which the Court can base a finding of compliance with the requirement that he exhaust administrative remedies. Nor is there anything in the record upon which the Court can base such a finding. In fact, Defendant has represented to the Court that it has no record showing that Plaintiff ever set forth his Section 7433 claims in any manner, let alone in the form required by Section 7433(d)(1).

■ Second, Plaintiff has failed to specifically allege that employees of the IRS "recklessly or intentionally" disregarded any provision of the Code or the regulations during the "collection" of a federal tax. Plaintiff's allegations are simply that actions during the IRS audits were reckless. Further, recent decisions have narrowly construed the "collection" activity element of Section 7433. In Shaw v. United States, 20 F.3d 182 (5th Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 635, 130 L.Ed.2d 540 (1994), for example, the Fifth Circuit held that a claim for damages based upon an erroneous assessment did not fall within the concept of improper collection practices targeted by Section 7433. The court declined to enlarge the statutory "collection" concept, despite the fact that the IRS had seized and sold the taxpayer's residence based on an erroneous assessment. See also Miller v. United States, 813 F.Supp. 715, 725 (N.D.Cal.1992) (an assessment is not a "collection activity" within the meaning of Section 7433). Consequently, most of Plaintiff's claims in the present action fall outside the scope of collection activity. For example, the actions which Plaintiff complains of in paragraphs 8 and 12 of his complaint regarding audit determinations fall outside the narrow scope of collection activities under Section 7433.

Paragraphs 15, 17 and 19 of Plaintiff's complaint are the only paragraphs that the Court could possibly construe as relating to

---

1. Section 7433(a) provides as follows:

(a) In general—If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promul-

gated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in Section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

collection activities within the meaning of Section 7433. In Paragraph 15, Plaintiff makes mention of an "illegal tax lien" for calendar year 1987. Paragraph 19 states that the IRS did not "honor a request for hardship" that the Plaintiff allegedly filed, and Paragraph 17 asserts that the IRS improperly seized Plaintiff's 1992 refund check. However, even if Plaintiff had exhausted his administrative remedies with respect to these three claims, Plaintiff would not be entitled to relief under Section 7433.

■ First, with respect to paragraph 15, Plaintiff provides no information supporting the illegality of the lien for tax year 1987. Nor does Plaintiff support his contention that the IRS failed to issue the release of the lien within 30 days of a determination that the liability is fully satisfied. 26 U.S.C. § 6325. Rather, Plaintiff engages in an analysis of the statute, its implementing regulations and IRS publications, Reply, ¶¶ 6–17, all of which fail to shed light on the substance of Plaintiff's claim.

■ Second, with respect to paragraph 17 of his complaint, Plaintiff claims that the IRS seized a refund check in 1992. However, such a seizure is not "recklessly or intentionally" disregarding the Code or implementing regulations. Taking the facts Plaintiff asserts as true, the IRS was simply following the Code in applying a claimed overpayment for a subsequent taxable year to the Plaintiff's then-outstanding liability for 1987. In accord with Section 6402(a) of the Internal Revenue Code, the IRS may credit a claimed overpayment to any liability for which the applicable statute of limitations is still open. 26 U.S.C. § 6402(a). The alleged seizure was thus not a reckless or intentional disregard of the Code and its regulations, but in observance of them. That part of paragraph 17, which asserts that the IRS refused to accept partial payments from the Plaintiff, is simply not a collection activity as required by Section 7433.

■ Finally, with respect to paragraph 19 of his complaint, Plaintiff claims that the IRS failed to honor a hardship request for a Taxpayer Assistance Order under 26 U.S.C. § 7811.[2] In order to apply for such an order, an administrative claim must be sent to the district director and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, or that amount which is reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433–1(e)(1) and (2). There is no evidence in the record, however, that Plaintiff ever made a timely request for such an order.[3]

In addition, Plaintiff's premise that collection activity must cease upon application for a Taxpayer's Assistance Order is incorrect. An application merely suspends the running of the period of limitations on collection. It does not immediately suspend the collection activity itself. 26 U.S.C. § 7811(d). Further, the issuance of an order is contingent upon a determination that significant hardship exists. Only then may the IRS issue an order. 26 C.F.R. § 301.7811–1(a)(4).[4]

Pursuant to Rule 12(b)(6), the three claims specifically addressed above fail to state claims upon which relief can be granted. Pursuant to Rule 12(b)(1), the Court lacks jurisdiction over Plaintiff's remaining claims since they are not collection activities as required by 26 U.S.C. § 7433. However, even were the Court to consider *all* of his claims as collection activities, Plaintiff's claims must fail under Rule 12(b)(1). As described, where a statute provides a limited waiver of sovereign immunity, the Court has no jurisdiction unless the taxpayer has complied with

---

**2.** Section 7811(a) provides, in pertinent part: Upon application filed by a taxpayer with the Office of Ombudsman (in such form, manner, and at such time as the Secretary shall by regulations prescribe), the Ombudsman may issue a Taxpayer Assistance Order if, in the determination of the Ombudsman, the taxpayer is suffering or about to suffer a significant hardship as a result of the manner in which the internal revenue laws are being administered by the Secretary.

**3.** At the hearing on Defendant's motion to dismiss, Plaintiff indicated that he recently sent a letter complying with these administrative requirements. This is obviously beyond the time requirements of the current lawsuit.

**4.** "A determination of significant hardship is required to be made by the Ombudsman prior to the issuance of a taxpayer assistance order." 26 C.F.R. § 301.7811–1(a)(4).

that statute's prerequisites. In the present case, Plaintiff cannot maintain a suit under 26 U.S.C. § 7433 since he has failed to exhaust available administrative remedies.

### B. Relief Barred By Sovereign Immunity

 To the extent Plaintiff's claims allege constitutional violations or product defects, they should be dismissed as well. Defendant has not waived sovereign immunity with respect to any non-collection claims which could reasonably be construed from Plaintiff's complaint and later filings. It is well-established that the United States, as sovereign, may not be sued without its consent, and that the terms of its consent define the Court's jurisdiction. *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990), *reh'g denied,* 495 U.S. 941, 110 S.Ct. 2195, 109 L.Ed.2d 523 (1990); *Lehman v. Nakshian,* 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). A waiver of sovereign immunity must be specifically expressed; a waiver may not be implied. *United States v. Nordic Village,* 503 U.S. 30, 32–35, 112 S.Ct. 1011, 1014–15, 117 L.Ed.2d 181 (1992); *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969); *Honda v. Clark,* 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967); *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). Where there is no statute expressly waiving the sovereign immunity of the United States, dismissal of the action is required. *Stout v. United States,* 229 F.2d 918 (2d Cir.1956), *cert. denied,* 351 U.S. 982, 76 S.Ct. 1047, 100 L.Ed. 1496 (1956); *Frasier v. Hegeman,* 607 F.Supp 318 (N.D.N.Y.1985). Defendant United States has made no such waiver with respect to the Plaintiff's remaining claims.

#### 1. The Federal Torts Claim Act

 While Plaintiff does not specifically allege any claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), his allegations regarding allegedly defective and dangerous products and services of the IRS appear to sound in tort. Plaintiff's theory seems to be that IRS's failure to return correspondence or telephone calls (Complaint, ¶¶ 13, 14 and 16), its audit determinations (Complaint, ¶¶ 8 & 12), its failure to reschedule an appointment (Complaint, ¶ 9),

its "harassing" telephone calls (Complaint, ¶ 5), and its failure to change Plaintiff's address after Plaintiff moved (Complaint, ¶ 18), were all "defective or dangerous services" received by Plaintiff. To the extent that Plaintiff's *pro se* complaint asserts such tort claims, they are barred under the FTCA.

The FTCA provides a limited waiver of sovereign immunity for suits filed against the United States. 28 U.S.C. §§ 1346(b), 2671–2680. However, the FTCA is inapplicable in the present matter since it specifically exempts both claims "arising in respect of the assessment or collection of any tax" and claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. §§ 2680(c) and (a), respectively. *Akers v. United States,* 539 F.Supp. 831 (D.Conn.1982), *aff'd,* 718 F.2d 1084 (2d Cir.1983). Furthermore, Plaintiff has failed to specifically allege the filing of an administrative claim for relief, which is a mandatory prerequisite to an action under the FTCA and an element of the waiver of sovereign immunity. 28 U.S.C. § 2675.

The actions that Plaintiff attacks in the current matter are those of IRS personnel during audits. Such claims fall within Section 2680(c)'s exception to the FTCA. See *McMillen v. U.S. Dept. of Treasury,* 960 F.2d 187, 188 (1st Cir.1991) (Section 2680(c) bars jurisdiction over plaintiff's claim for release of federal tax liens); and *American Association of Commodity Traders v. Department of Treasury,* 598 F.2d 1233, 1235 (1st Cir.1979) (Sections 2680(c) and 2680(a) bar a suit seeking damages for IRS's delay in processing and failure to grant an application for tax exempt status). Thus, the FTCA does not provide the necessary waiver of sovereign immunity to allow Plaintiff to recover damages against Defendant.

#### 2. Constitutional Claim

 Although Plaintiff named "Commissioner, Internal Revenue Service" as the Defendant in this matter, the alleged action was taken by the IRS to assess and collect unpaid federal taxes. Therefore, the United States itself is the only potentially proper Defendant. See *Dugan v. Rank,* 372 U.S. 609, 619,

83 S.Ct. 999, 1005, 10 L.Ed.2d 15 (1963); and *Malone v. Bowdoin,* 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962). According to Plaintiff's own documents before the Court, he is not suing either the present or past Commissioner of IRS over any allegations that the Commissioner herself engaged in any wrongdoing, but rather for alleged violation of "fiduciary executive duties." Plea, ¶ 4. Since neither the IRS nor the Treasury Department, may be sued in their own names, the suit may proceed, if at all, only against the United States. *Clegg v. United States Treasury Dept.,* 70 F.R.D. 486, 488–89 (D.Mass 1976).

██ However, a suit for money damages to remedy an alleged violation of Constitutional rights may not be maintained against the United States. *American Association of Commodity Traders v. Dep't of Treasury,* 598 F.2d at 1235–36 (rejecting plaintiff's constitutional claim against the named defendant, "Department of the Treasury, Internal Revenue Service, and United States of America," since no jurisdiction existed). The First Circuit in *Commodity Traders* went on to reject plaintiff's claim that it could amend its complaint to sue individual agents of the IRS, stating that such an argument "misses the fundamental point that no amendment would be sufficient to keep *these defendants* [the IRS and the United States] in the case; if a case against IRS agents exists, that is a *different* case." Id. at 1236. See also *Gonsalves v. Internal Revenue Service,* 975 F.2d 13, 15 (1st Cir.1992) (concluding that "[t]here is no implied right of action, analogous to that found in *Bivens,* [*v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)] for claims against the government."); and *Francis–Sobel v. University of Maine,* 597 F.2d 15 (1st Cir.1979), *cert. denied,* 444 U.S. 949, 100 S.Ct. 421, 62 L.Ed.2d 319 (1979) (plaintiff's pleadings were devoid of any factual allegations that would link the regional director with the university defendants). Since Plaintiff's constitutional claims may not be maintained against the United States, even if Plaintiff properly were to name the United States as Defendant, Plaintiff's claims are barred.

### V. CONCLUSION

For the foregoing reasons, the Court recommends that Defendant's Motion to Dismiss be granted and judgment entered for the Defendant.[5]

It is so ordered.

DATE: July 12, 1995

---

**5.** The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See U.S. v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir. 1986); *U.S. v. Vega,* 678 F.2d 376, 379 (1st Cir.1982). *See also Thomas v. Arn,* 474 U.S. 140, 154–55, 106 S.Ct. 466, 474–75, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986).