**Arlie Chester ADDINGTON and Rena Sue Addington, Plaintiffs**

**v.**

**UNITED STATES of America, U.S. Treasury Department, Internal Revenue Service and James Payton, individually, Defendants.**

**Civ. A. No. 2:98–0376.**

United States District Court,
S.D. West Virginia,
Charleston Division.

March 12, 1999.

Joyce H. Morton, Ernest V. Morton, Jr., Webster Springs, WV, for Arlie Chester Addington and Rena Sue Addington.

Gary L. Call, Assistant U.S. Attorney, Charleston, WV, R. Scott Clarke, U.S. Department of Justice, Tax Division, Washington, DC, for United States of America.

Rebecca A. Betts, U.S. Attorney, Charleston, WV, for U.S. Treasury Department, Internal Revenue Service and James Payton.

## MEMORANDUM OPINION AND ORDER

GOODWIN, District Judge.

Pending before the Court is the motion for summary judgment filed by Defendant United States of America. For the reasons set forth below, the defendant's motion for summary judgment is **GRANTED**.

### I. Introduction

Plaintiffs, Arlie Chester and Rena Sue Addington, filed this action against the United States of America, the Department of Treasury, the Internal Revenue Service and Revenue Officer James Payton pursuant to 26 U.S.C. § 7433 for wrongful collection of taxes. Defendants IRS, Revenue Office, Payton and the Department of the Treasury were dismissed as parties in July, 1998. In their complaint, plaintiffs claim that an officer or employee of the Internal Revenue Service intentionally or recklessly violated Internal Revenue Code provisions and policies in collecting taxes allegedly owed by the plaintiffs. Specifically, plaintiffs allege:

(1) that the IRS violated Code Section 7122 and "internal policy" in "refusing to consider" or "summarily rejecting" their offer in compromise. (**compl., Introduction and ¶ 33.**);

(2) that after they were unable to successfully compromise their tax liabilities, the IRS improperly levied on Mr. Addington's social security benefits. (**Compl., ¶ 29.**); and,

(3) that the IRS wrongfully sent them collection notices for the 1984 and 1985 income tax liabilities which had been discharged in bankruptcy. (**Compl., ¶ ¶ 41 and 42.**).

Plaintiffs seek an abatement and refund of tax, compensatory and punitive damages, attorney's fees and costs.

Defendants deny plaintiffs' allegations and contend that plaintiffs owe federal income taxes for several tax years.

The IRS assessed $145,886.06 in federal income taxes, penalties and interest for tax year 1986 against Plaintiff Arlie Addington on May 1, 1989. This assessment was issued as a result of an embezzlement scheme for which Mr. Addington plead guilty to conspiracy charges. In 1994, Revenue Officer James Payton was assigned to collect the alleged delinquent taxes from plaintiffs for tax years 1986, 1990, 1993 and 1994.

On April 18, 1995, plaintiffs filed a voluntary Chapter 7 bankruptcy petition in this district's bankruptcy court. In July 1995, the bankruptcy court issued the discharge order in the Addington's bankruptcy case. The bankruptcy case was closed in June 1996.

In July 1996, plaintiffs provided Revenue Officer Payton with a collection information statement. Plaintiffs incorrectly believed this form to be an offer in compromise. After reviewing this form, Payton prepared an installment agreement and sent it to plaintiffs' attorney, Earnest Morton.

In late 1996, Payton began levying on Mr. Addington's social security benefits in order to collect a portion of the taxes owed. In June 1997, plaintiffs did submit an offer in compromise after which the IRS returned it to plaintiffs with a request to provide additional information.

In October 1997, the IRS sent balance due notices to Rena Sue Addington for tax years 1984 and 1985.

Plaintiffs contend in their complaint that they owe federal taxes for 1990 through and including 1994, but deny any liability for 1986. Plaintiffs claim that any alleged tax liability for 1984, 1985, and 1986 was discharged at the end of the bankruptcy case.

Plaintiffs filed this action on May 4, 1998, alleging reckless conduct by the IRS in wrongful collection of federal income taxes. Defendants denied the allegations in their answer.

Pursuant to a scheduling order adopted by the Court, the defendant filed a summary judgment motion. All briefs now being submitted, this matter is ripe for decision.

## II. Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

In support of its motion for summary judgment, defendant asserts that plaintiffs cannot litigate the correctness of their tax liability under the guise of a damage claim

pursuant to 26 U.S.C. § 7433 but must follow the specific statutory provisions for contesting one's tax liability. Defendants further assert that no IRS officer intentionally or recklessly violated any code provision during dealing with plaintiffs.

In opposition to the motion, plaintiffs contend genuine issues of fact exist, prohibiting entry of summary judgment for defendants.

### III. Discussion

In this case, plaintiffs seem to suggest that the IRS's collection activity by its rejection of an offer to compromise and serving a levy on plaintiff Arlie Addington's social security benefits gives rise to a cause of action pursuant to 26 U.S.C. § 7433 because the IRS was attempting to collect a liability for tax year 1986 which plaintiff's did not owe.

Section 7433 of Title 26 (U.S.C.) provides, in pertinent part, as follows:

(a) In General—If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title or any regulation promulgated under this title, such taxpayer may bring a civil action for damages **against the United States** in a **district court** of the United States. Except as provided in section 7432, such civil action shall be the **exclusive** remedy for recovering damages resulting from such actions.

(emphasis added).

26 U.S.C. § 7433 was enacted as part of the Technical and Miscellaneous Revenue Act of 1988, Pub.L. No. 100–647, Sec. 6241(a), 102 Stat. 3342 (hereinafter "TAMRA"). Section 7433 is effective for actions taken by officers and employees of the Internal Revenue Service occurring after November 10, 1998, in connection with the collection of taxes. TAMRA at Sec. 6240(c).

■ Section 7433 is a very limited waiver of the United States' sovereign immunity. Like any other waiver of that sovereign immunity, it " 'must be strictly observed, * * * and construed in favor of the sovereign.' " *Gonsalves v. Internal Revenue Service*, 975 F.2d 13, 15 (1st Cir. 1992). Indeed, "[c]ourts may not 'enlarge ... beyond what the language [of the statute creating the waiver] requires.' " *Id.* at 16 (citing *Eastern Transportation Co. v. United States*, 272 U.S. 675, 47 S.Ct. 289, 71 L:Ed. 472 (1927)).

■ Section 7433 provides a civil remedy for violations of the Internal Revenue Code which occur in the course of collecting taxes. It is not a remedy for taxpayers alleging impropriety or errors in the tax assessment process. *Miller v. United States*, 66 F.3d 220, 222–223 (9th Cir.1995) (Section 7433 does not extend to the erroneous or improper assessment of taxes), *cert. denied*, 517 U.S. 1103, 116 S.Ct. 1317, 134 L.Ed.2d 471 (1996); *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir.), *cert denied*, 513 U.S. 1041, 115 S.Ct. 635, 130 L.Ed.2d 540 (1994) (based on plain language of Section 7433, a taxpayer cannot maintain an action under this statute for the improper assessment of taxes); *see also White v. Commissioner*, 899 F.Supp. 767, 772 (D.Mass.1995).

■ Thus, in order to demonstrate a claim under Section 7433(a), a taxpayer must prove, by a preponderance of the evidence, that the IRS did not follow the "prescribed methods of acquiring assets." *See Shaw v. United States*, 20 F.3d at 184; *see also Miller v. United States*, 66 F.3d at 222. Stated another way, a Section 7433 plaintiff must demonstrate that some IRS official or employee intentionally or recklessly violated a specific section of the Internal Revenue Code or Treasury Regulations in collecting the taxes from the taxpayer. *See* 26 U.S.C. § 7433(a); *White v. Commissioner*, 899 F.Supp. at 772.

■ In this case, plaintiffs suggest that the IRS's activity by its rejection of an offer in compromise and securing a levy gives rise to a cause of action pursuant to § 7433 because the IRS was attempting to

collect a liability which plaintiffs claim Mr. Addington does not owe. The IRS disputes Mr. Addington's claim that he owes no tax. In accordance with the principles enunciated in *Miller, Shaw* and *Gonsalves,* the court noted "[s]ection 7433 was not intended to supplement or supersede, or to allow taxpayers to circumvent" the requirements of 26 U.S.C. § 7422, or any other section of the Internal Revenue Code.

Accordingly, the Court is of the opinion that plaintiffs' claim that the IRS wrongfully assessed 1986 taxes does not give rise to a valid Section 7433 claim for wrongful collection.

In their complaint, plaintiffs' also allege that the IRS acted in direct violation of IRS policy by unreasonably failing to submit their offer in compromise or refusing to consider their offer in compromise.

The only mechanism to compromise a tax before referral to the Department of Justice is pursuant to 26 U.S.C. § 7122. *Botany Worsted Mills v. U.S.*, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379 (1929); *Yarborough v. U.S.*, 230 F.2d 56 (4th Cir. 1956).

■ Section 7122 clearly states that the Secretary *may* compromise any civil or criminal tax case prior to referral to the Department of Justice. The decision to accept or reject a compromise offer is discretionary and cannot be compelled by any action. *Carroll v. Internal Revenue Service*, 14 AFTR2d 5564 (E.D.N.Y.1964).

Plaintiffs' complaint conveys the impression that plaintiffs submitted more than one offer in compromise. Yet the record, through the declarations of Revenue Office, Payton, dictates only one was submitted to the IRS on July 1997. The declarations of Mr. Payton also illustrate that plaintiffs provided a financial/collection information statement to Officer Payton on July 1996 but no offer in compromise. At that time, Payton did determine the offer was inappropriate, prepared a proposed installment agreement, and sent it to plaintiffs' lawyer, Mr. Morton. At that time, plaintiffs never did sign it nor did they submit an offer in compromise. Having

received nothing from plaintiffs in late 1996, the IRS then levied on Mr. Addington's social security benefits. Not until June 1997 did plaintiffs submit an offer in compromise to the IRS, Form 656.

■ By letter of July 30, 1997, the form was returned to plaintiffs by the IRS and a request was made for further information. The Court believes it is clear that the IRS did not summarily reject this offer but did request resubmission of an offer on forms sent to plaintiffs in that July 1997 letter. Since compromising tax liabilities is purely discretionary, even if the IRS had summarily rejected plaintiffs' offer, it would not give rise to a claim for intentional or reckless violation of the Code.

Plaintiffs further contend that the revenue officer intentionally or recklessly violated some Code provision when he served a levy to collect Mr. Addington's social security benefits. Plaintiffs do not allege violations of specific Code sections but merely complain of IRS notices of intent to levy for years 1990, 1992 and 1986.

The Internal Revenue Code provides for two ways to enforce collection of unpaid taxes. The first method permits the United States of America to initiate a plenary judicial proceeding pursuant to Section 7403 of the Code to foreclose a tax lien on property in which the taxpayer has a right, title or interest. The second method under the Code for enforcing collection of unpaid taxes is by seizure pursuant to levy under Section 6331. *United States v. National Bank of Commerce*, 472 U.S. 713, 720–21, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985); *accord Resolution Trust Corp. v. Gill*, 960 F.2d 336, 340 (3d Cir.1992).

■ Plaintiffs have failed to cite any specific Code provision or regulation which Mr. Payton intentionally or recklessly violated in serving the levy to collect taxes. In fact, the Internal Revenue Code specifically authorizes a levy to collect taxes. 26 U.S.C. § 6331(a). Upon review of Mr. Payton's declarations, Mr. Payton's actions in seeking to collect unpaid taxes were in

observance of the Code, not a violation of it. Indeed, it is the duty of the IRS to collect taxes and to investigate possible defalcations of taxpayers in reporting and paying taxes. *Chamberlain v. Kurtz,* 589 F.2d 827, 835 (5th Cir.1979). Since Mr. Payton was simply collecting taxes pursuant to methods prescribed by the Code, the Court believes that plaintiffs have no cause of action pursuant to Section 7433 for the levy on Mr. Addington's social security benefits.

Similarly, plaintiffs admit that they owed income taxes for tax years 1990 and 1992. (Compl., ¶ 32.) Despite this admission, they surprisingly complain that an IRS office sent them notices of intent to levy concerning these years. (Compl.¶ 45–46.) The IRS is clearly authorized to issue notices of intent to levy pursuant to 26 U.S.C. § 6331(a). Plaintiffs have no wrongful collection cause of action for receiving notices of intent to levy which, pursuant to I.R.C. § 6331(a), they are supposed to receive. The Court believes this allegation is without merit.

Plaintiffs finally allege that in October 1997, the IRS sent Mrs. Addington balance due notices for 1984 and 1985 income tax liabilities. (Compl., ¶ 41.) They claim that these tax liabilities were discharged in their bankruptcy case.

Upon review of the extensive exhibits submitted by plaintiffs in opposition to the summary judgment motion, plaintiffs have offered no evidence that these liabilities were in fact discharged in their bankruptcy case. On July 24, 1995, the Bankruptcy Court issued a discharge order in the Addington's bankruptcy case, and on July 31, 1995, it issued an amended discharge order. On June 11, 1996, the Bankruptcy Court issued a final decree in the Addington's bankruptcy case and closed the case. However, the discharge order did not specifically discharge the 1984 and 1985 tax liabilities. The amended discharge order provides that the debtors are released from "all dischargeable debts", including those "debts dischargeable under 11

U.S.C. § 523". **(Clarke Decl., Def. Mtn. for Summ. Judg., Ex. 3.)**

Following these general principles of bankruptcy, in this case, Mrs. Addington's 1984 and 1985 income tax liabilities would have been considered discharged debts in the bankruptcy proceeding, unless they were excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(A)—(C). Bankruptcy Rule 7001 defines the scope of rules governing adversary proceedings in bankruptcy cases and specifically provides that a complaint to determine dischargeability (item (6)) is an adversary proceeding. The Addingtons did not file a complaint to determine dischargeability of their debts in their Chapter 7 case. Accordingly, when the Addingtons received their discharge, it was not clear whether their 1984 and 1985 tax liabilities were, in fact, discharged. Even with questions arising over their dischargeability, it is clear that the plaintiffs possess no evidence that the IRS intentionally or recklessly violated some Code provision or regulation in sending the balance due reminders.

■ The Court notes that defendant's primary contention in its motion for summary judgment centers around the fact that plaintiffs' complaint is merely an action challenging the assessment of taxes. This Court agrees with defendant's argument. The Court believes this plaintiffs' action is merely a complaint challenging the assessment of taxes. Accordingly, in order to challenge an assessment of taxes, jurisdictional prerequisite must be met in order for this Court to exercise jurisdiction. The taxpayer must first fully pay the tax assessment, including interest and penalties, and then timely file a claim for refund with the IRS. *See* 26 U.S.C. § 7422(a); *Flora v. U.S.,* 357 U.S. 63, 68, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on reh'g* [362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960)].

In order to timely bring a suit for a tax refund under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a), the taxpayer must, in addition to complying with the full pay-

ment rule set forth in *Flora, supra,* timely file an administrative claim for refund with the IRS. *United States v. Dalm,* 494 U.S. 596, 601–602, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). In order to file a timely claim for refund of taxes paid or collected, the taxpayer must file with the IRS a claim for refund within three (3) years from the date the original tax return was filed, or within two (2) years from the time the tax was paid, whichever period is later. 26 U.S.C. § 6511(a); *United States v. Dalm,* 494 U.S. 596, 110 S.Ct. at 1368; *accord Miller v. United States,* 949 F.2d 708, 711 (4th Cir.1991); *Yuen v. United States,* 825 F.2d 244, 245 (9th Cir.1987).

In this case, plaintiffs claim that the IRS erroneously assessed an income tax liability for tax year 1986 against Mr. Addington. (**Compl.,** ¶ 7–18.) Plaintiffs request that the IRS's claim for these taxes "be abated" and the money received pursuant to the IRS's levy on his social security benefits be returned to him. (**Compl., Prayer for Relief.**) However, plaintiffs have failed to allege that they (1) fully paid the tax liabilities, including interest and penalties, as required by *Flora* and its progeny, and (2) timely filed an administrative claim for refund with the IRS. 26 U.S.C. § 7422(a).

In light of the above, plaintiffs' claims for tax abatement or the return of money received pursuant to a tax levy must fail.

Lastly, the Court is of the opinion that the claim of plaintiffs for damages for intentional or reckless violations of the Code by the IRS collecting taxes through balance due notices sent to Mrs. Addington does not amount to a viable claim under § 7433. Upon review of the record, the Court finds that Mrs. Addington did not file tax returns for 1984 and 1985 and that the IRS properly sent notices to her within the required statutory period. 26 U.S.C. § 6502(a).

Accordingly, there being no genuine issue of material fact and for the reasons set forth hereinabove, the Court finds that the United States is entitled to judgment as a matter of law with respect to plaintiffs'

claims as alleged in their complaint. The Court **GRANTS** the defendant's motion for summary judgment and **ORDERS** that judgment be entered in favor of the defendant and that plaintiffs' action be **Dismissed** and **Stricken** from the docket of the Court.

The Clerk is **directed** to mail copies of this Memorandum Opinion and Order to counsel of record herein.