**INTERNAL REVENUE SERVICE,**
Appellant,

v.

**William K. HOLMES, Appellee.**

No. 5:03–CV–356–4(CAR).

United States District Court,
M.D. Georgia,
Macon Division.

March 16, 2004.

Michael N. Wilcove, Department of Justice, Washington, DC, for Appellant.

Joseph J. Burton, Jr., David Decoursey Aughtry, Atlanta, GA, for Appellee.

### ORDER ON APPEAL AND ORDER TO EXPEDITE APPEAL

ROYAL, District Judge.

Before the Court is an appeal by the Internal Revenue Service (hereafter IRS)

from the decision of the United States Bankruptcy Court dated September 12, 2003. Also before the Court is a motion by Appellee to expedite the appeal process [Tab 6]. The Court recognizes the concerns of Appellee in having this appeal process delayed and will do its best to expedite this appeal in a timely fashion. To the extent it is possible to do so, the Court **HEREBY GRANTS** Appellee's Motion to Expedite the Appeal.

As to the appeal itself, the Order appealed from directs Appellant IRS to consider Appellee Holmes' offer in compromise to satisfy his tax liability in the same manner as the IRS would consider any offer in compromise made by a person who is not involved in a bankruptcy proceeding. The IRS appeals this decision and directive by the Bankruptcy Court. Having considered the record, the briefs filed by both parties, and the relevant case law, this Court agrees with the Bankruptcy Court's decision. This Court finds that the Bankruptcy Court had the authority to enter this Order and further directs Appellant IRS to consider Appellee's offer in compromise. Therefore, the decision of the Bankruptcy Court is **HEREBY AFFIRMED**.

## BACKGROUND

William K. Holmes (hereafter Appellee or Debtor) is currently a debtor in a Chapter 11 proceeding before the United States Bankruptcy Court for the Middle District of Georgia. The following events led up to his bankruptcy and to the present procedural posture of this case. Debtor owned approximately 3.2 million shares of World-Com Stock in 2000. The stock at one time had a value of about $200,000,000.00. As WorldCom began to show signs of financial difficulty, Debtor's stock broker sold Debtor's stocks as they decreased in value in order to meet margin calls. While the sale of such stocks resulted in capital gains with accompanying tax liabilities to Debtor, Debtor did not receive cash with which to pay the tax liability because the sale proceeds went directly to pay margin debt. On July 1, 2002, Debtor filed a bankruptcy petition seeking relief under Chapter 11 for a plan of liquidation.

The Internal Revenue Service (hereafter IRS or Appellant) filed an amended proof of claim in the bankruptcy proceeding, which included a priority claim for income tax and interest totaling $9,372,245.01 and a general unsecured claim for $920,462.40 for penalties pertaining to the tax due. Debtor then submitted an offer of compromise to the IRS to pay $621,326.00 in satisfaction of the IRS' claims against him. The IRS returned the offer to Debtor and informed Debtor that they would not process the offer because they have a policy against considering any offers of compromise made by persons who are involved in pending bankruptcy proceedings.

Debtor subsequently filed with the Bankruptcy Court a motion to determine tax liability and an objection to the IRS' claim. Debtor requested that the Bankruptcy Court enter an order requiring the IRS to consider the offer of compromise based on the argument that 11 U.S.C. § 525 prohibits discriminatory treatment, including the denial of consideration of offers in compromise, against debtors involved in bankruptcy. The Bankruptcy Court held a hearing and then entered an Order on September 10, 2003, requiring the IRS to consider the offer of compromise made by Debtor (hereafter Order). The Bankruptcy Court rejected Debtor's argument as to applicability of § 525, holding that an offer in compromise fails to meet the statutory definition of anything which the denial of is considered discriminatory. In other words, an offer in compromise was not a "license" as Debtor argued.

However, the Bankruptcy Court followed the reasoning of a recent decision in the District Court of the Western District of Virginia, *In re Macher*, 303 B.R. 798 (W.D.Va.2003) and held that while § 525 did not authorize such a decision, § 105 did. Section 105 provides that a bankruptcy court "may issue any order, process or judgment that is necessary to carry out the provisions of this title." The Bankruptcy Court in this situation held that § 105 authorized their decision to direct the IRS to process and consider Debtor's offer in compromise.

The IRS, via the United States Government, entered a timely appeal to the Order of the Bankruptcy Court. The appeal contends that the Bankruptcy Court lacked subject matter jurisdiction to direct the IRS to consider the offer in compromise. The appeal also argues that forcing the IRS to consider offers in compromise from debtors involved in bankruptcy proceedings will open a Pandora's box of problems as well as violate the Anti–Injunction Act set forth at 26 U.S.C. § 7421(a). Debtor timely responded to this appeal, and the IRS timely replied. It is this appeal and the related briefs that are presently before this Court for decision.

## STANDARD OF REVIEW

■ This Court will accept a bankruptcy court's findings of fact unless those findings are clearly erroneous. *See* Fed. Bankr.R. 8013; *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir.1990); *In re Club Assocs.*, 951 F.2d 1223, 1228 (11th Cir. 1992). A district court is not authorized to make independent findings of fact. *See id.* at 1384. Moreover, if a bankruptcy court's findings are "silent or ambiguous as to an outcome determinative factual question," remand to the bankruptcy court is required. *Id.* (*quoting Wegner v. Grune-*

*waldt*, 821 F.2d 1317, 1320 (8th Cir.1987) (internal quotes omitted)).

■ In contrast, conclusions of law, including a bankruptcy court's interpretation and application of the Bankruptcy Code, are reviewed *de novo*. *See In re Chase & Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir.1990). As such, this Court is not required to give any deference to a bankruptcy court's interpretation of law or its application of the law to the facts. *Goerg v. Parungao*, 930 F.2d 1563, 1566 (11th Cir.1991).

## DISCUSSION

### I. *Appellee's Contention that this Court Lacks Jurisdiction Over the Appeal*

■ In its brief, Appellant states that this Court has jurisdiction over this appeal under 28 U.S.C. § 158(a)(1) which states that the District Court may hear appeals only from "final judgments, orders, and decrees." Appellee argues in his response brief that this Court lacks jurisdiction over the appeal because the judgment made in the Bankruptcy Court is not "final." This argument is not persuasive to the Court.

In his Motion to Determine Tax Liability, the only relief Appellee sought was for the Bankruptcy Court to direct Appellant to consider the offer in compromise. That relief was granted, and therefore this was a final judgment. The Eleventh Circuit very clearly stated in *In re Saber*, 264 F.3d 1317, 1324 (11th Cir.2001), that "a final judgment gives one party what they want—the plaintiff either receives the relief [he] sought or the defendant receives a judgment ending the controversy." Here, Appellee got what he asked for in the Bankruptcy Court. This Court finds that this was a final judgment, and the appeal is properly before this Court for decision.

## II. *Appellant's Argument that Bankruptcy Court Lacked Subject Matter Jurisdiction to Enter Its Order*

■ From its reading of 11 U.S.C. § 525, the Court agrees with the Bankruptcy Court's determination that this statute does not authorize the Bankruptcy Court to direct Appellant to consider an offer in compromise from a debtor involved in bankruptcy proceedings.

As to 11 U.S.C. § 105, which states that a bankruptcy court "may issue any order, process or judgment that is necessary to carry out the provisions of this title," this Court is inclined to agree with the Bankruptcy Court's reading of that statute, especially in light of the clear reasoning for this position outlined by sister courts in other jurisdictions. Appellant's arguments to the contrary are not persuasive.

■ First, Appellant outlines how a debtor's tax liabilities are non-dischargeable under 11 U.S.C. § 523 or § 1141 because they are claims for priority tax, resulting interest, and related penalties. Appellant argues that these are rights afforded to creditors by the Bankruptcy Code that the Bankruptcy Court is trying to abridge by its Order. This Court fails to see how the Bankruptcy Court is attempting to abridge any right afforded to Appellant. There is no argument made by any party to discharge any tax liability under any Bankruptcy Code provision. Debtor is asking for Appellant to consider discharging a portion of his tax liability under the IRS' own offer in compromise provision set forth in the Internal Revenue Code at I.R.C. § 7122. The Order of the Bankruptcy Court merely insists that Appellant IRS apply the same guidelines applicable to other taxpayers to debtors involved in bankruptcy when assessing these offers in compromise. This Court finds no merit to the argument that the Bankruptcy Court is attempting to abridge rights afforded to Appellant as a creditor of Appellee.

■ Second, Appellant argues that the Bankruptcy Court overstepped the bounds of § 105 because its Order was not entered in furtherance of a "provision of this title" and, therefore, is outside the subject matter jurisdiction of the Bankruptcy Court. In its review of the Bankruptcy Court's Order and the other pertinent law, this Court finds that § 105 has been granted a broad reading by most courts and even by the government when such a reading suited its purpose. *See generally, Young v. U.S.*, 535 U.S. 43, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002); *In re Morgan*, 182 F.3d 775 (11th Cir.1999); *In re Jove Engineering, Inc.*, 92 F.3d 1539 (11th Cir.1996). Section 105 states that the bankruptcy court has the discretion to issue any order that is necessary and appropriate to carry out the provisions of this title. "The broad term 'any' is only limited to those orders that are 'necessary and appropriate' to carry out the Bankruptcy Code." *In re Jove Engineering, Inc.*, 92 F.3d at 1554.

This Court agrees with the reasoning of the Bankruptcy Court, its reliance on *Macher*, and the broad reading afforded to § 105 by other courts. This Court finds that the negotiation process outlined in § 1129 of the Bankruptcy Code is sufficient as a provision of the Bankruptcy Code for the purposes of the Bankruptcy Court's Order pursuant to § 105. The lower court cited this provision in a footnote but also speaks about the provision throughout its Order, mentioning the "negotiation process" and the need to " 'work something out' " with Appellant. The Order of the Bankruptcy Court was crafted with the intent to be within the bounds of § 105. It was meant to carry out this negotiation process provision and the goal behind it which is central to the purpose and function of the Bankruptcy Code, to

provide an individual with a way and means to work out his or her financial difficulties. This Court finds that the Bankruptcy Court was within its subject matter jurisdiction, as afforded it by § 105, to enter the Order in question and affirms the decision of the Bankruptcy Court on this matter.

### III. Appellant's Argument that Forcing IRS to Consider Appellee's Offer in Compromise Violates the Anti–Injunction Act

Appellant states that the Bankruptcy Court cannot force the IRS to accept an offer in compromise as this would violate the Anti–Injunction Act, 26 U.S.C. § 7421. This argument reflects a generally accepted principle in the courts that have specifically addressed this issue. *See generally, In re American Bicycle Association*, 895 F.2d 1277, 1280 (9th Cir.1990); *Addington v. U.S.*, 75 F.Supp.2d 520, 524 (S.D.W.Va. 1999); *In re Davison*, 156 B.R. 600, 602 (Bankr.E.D.Ark.1993). However, Appellant's argument concerning the Anti–Injunction Act is misplaced. The Bankruptcy Court, in its Order, did not force the IRS to *accept* an offer in compromise and even specifically acknowledged that it does not have the power to do so. The Bankruptcy Court only directed the IRS to *consider or process* Debtor's offer in compromise. *Consider* and *accept* are not synonymous.

Furthermore, Appellant presents what it deems to be a scary picture of what the "handwriting on the wall" might say if the IRS is forced to consider these offers in compromise by debtors involved in bankruptcy proceedings. Appellee states that "this entire portion of the Government's argument relates to the fear of a contingency that, in line with the Bankruptcy Court's understanding of the law, is unfounded." [Tab 9]. The Court agrees with Appellee on this point. Appellant is arguing for future possibilities that have no basis in fact or law. The Court is not moved by this argument and, thus, maintains its position in affirming the Bankruptcy Court's order.

### CONCLUSION

The Court finds that it does have jurisdiction over the present appeal. As to the merits of the appeal itself, the Court finds that the Bankruptcy Court made a correct interpretation of the law and will not disturb its findings of fact. The Court also finds that Appellant's arguments surrounding the possible future effects of the Bankruptcy Court's decision and the connection with the Anti–Injunction Act are misplaced and misleading. Accordingly, the Court finds that the decision of the Bankruptcy Court is **HEREBY AFFIRMED**.