In the Matter of Charles R.
PETERSON, Debtor.

No. BK03–40948.

United States Bankruptcy Court.
D. Nebraska.

Sept. 2, 2004.

Adhered to on Reconsideration
Nov. 4, 2004.

John C. Hahn, Jeffrey, Hahn, Hemmerling & Zimmerman, Lincoln, NE, for Debtors.

## ORDER

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held in Lincoln, Nebraska on September 1, 2004, before a United States Bankruptcy Judge for the District of Nebraska, regarding Filing No. 133, Debtor's Second Amended Chapter 13 Plan; Filing No. 134, Objection, filed by the Internal Revenue Service; and Filing No. 136, Objection, filed by Chapter 13 Trustee Kathleen Laughlin. John C. Hahn appeared for the debtor, Marilyn Abbott appeared for the Chapter 13 trustee, and Ellyn Grant appeared for the Internal Revenue Service.

The debtor in this Chapter 13 case is attempting to deal with a claim for approximately $102,000 filed by the Internal Revenue Service. That claim is given priority under the statutory scheme, and therefore must be paid in full during the pendency of the case unless the IRS would agree to a different treatment. In the Chapter 13 case, the IRS has not agreed to different treatment.

The plan proposes to make an "offer in compromise" to the Internal Revenue Service which would provide an initial payment of $500 and then the waiver by the debtor of hundreds of thousands of dollars of loss carry forward credits. The IRS, however, will not process an offer in compromise from a debtor in a bankruptcy case.

The debtor has requested this court to order the Internal Revenue Service to process and consider the offer in compromise, with full knowledge that this court does not have the authority to direct the Internal Revenue Service to accept the offer.

At the hearing on the IRS objection to the Chapter 13 plan, counsel for the United States, acting on behalf of the Internal Revenue Service, informed the court that the Internal Revenue Service has an official policy that it will not process an offer in compromise made by a taxpayer in bankruptcy. That policy, however, is not required by the Internal Revenue Code, and is not included in the Internal Revenue regulations. Instead, it apparently is contained in a document entitled "Internal Revenue Manual." That policy is clearly discriminatory with regard to individuals in bankruptcy. The Internal Revenue Code provides that the Internal Revenue Service may compromise any civil or criminal tax obligation. 26 U.S.C. § 7122(a) (2004).

In support of his motion, the debtor cited *Holmes v. United States (In re Holmes)*, 298 B.R. 477 (Bankr.N.D.Ga. 2003). In that case, Bankruptcy Judge Hershner analyzed the statute which authorizes offers in compromise, reviewed the Internal Revenue regulations, discussed in detail the Internal Revenue Manual containing the policy and found that procedures in the Internal Revenue Manual directing employees of the Internal Revenue Service to refuse to process offers in compromise submitted by debtors in bankruptcy have no legal force. The court further found that 11 U.S.C. § 105(a) provides the statutory authority to a bankruptcy judge to issue an order to the Internal Revenue Service to comply with the Internal Revenue Code by considering an offer in compromise submitted by a debtor in a bankruptcy case. The court found that the Internal Revenue Service's policy not to participate in the offer-in-compromise procedure while a taxpayer is in bankruptcy frustrates the basic principles of the Bankruptcy Code and Section 7122 of the Internal Revenue Code. I agree completely with the analysis and the reasoning of *Holmes*.

THEREFORE, IT IS ORDERED that the Internal Revenue Service shall process and consider an offer in compromise submitted by the debtor in this case, notwithstanding the terms and provisions of the manual referred to above. To be clear, this order requires only that the Internal Revenue Service treat an offer in compromise submitted by this debtor in the same manner as it treats offers in compromise submitted by individuals who are not in a pending bankruptcy case.

Confirmation is deferred pending resolution of the tax issue.

## MEMORANDUM

Hearing was held in Lincoln, Nebraska, on October 18, 2004, on the United States'

motion to alter, amend, or reconsider (Fil. # 144) and resistance by the debtor (Fil. # 147). John Hahn appeared for the debtor, and Gerald Leedom and Ellyn Grant appeared for the Internal Revenue Service. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B)and(O).

This matter arises from the debtor's efforts to deal with a debt of approximately $102,000 for payroll taxes, a priority claim in this case. He proposes to make an "offer in compromise" to the Internal Revenue Service, which the IRS will not process for any taxpayer in bankruptcy. At the debtor's request, I ordered the IRS to process and consider the debtor's offer in compromise as it would for a taxpayer outside of bankruptcy. *See* Order of Sept. 2, 2004 (Fil.# 142). The government then filed this motion to alter or amend or reconsider that order.

The Internal Revenue Code permits the Treasury Secretary to compromise any civil or criminal case arising under the revenue laws. The Secretary, through the Commissioner of Internal Revenue, has promulgated guidelines for IRS employees to follow in considering such offers, and has left to IRS discretion the decision of which offers in compromise are "processible." In accordance with such guidelines and procedures, the IRS has determined that offers in compromise from taxpayers in bankruptcy are not "processible" and will not be accepted for processing, on the basis that resolution of the claim is best accomplished in the bankruptcy case under the bankruptcy code and procedural rules.

The IRS's Office of Chief Counsel has published a notice reiterating the agency's position that in accordance with protecting

the government's interests, the IRS will not accept less than is required to be repaid by the bankruptcy code unless the debtor can demonstrate that agreeing to accept less through the plan is in the government's best interest. This decision is to be made on a case-by-case basis by evaluating the reorganization plan, not a proposed offer in compromise.

In essence, the IRS takes the position that by choosing to file a Chapter 13 case, a debtor acknowledges full payment of the IRS's priority claim is required. Such a debtor may propose alternate terms for payment of the IRS claim in his or her plan. The IRS will review the plan and determine whether to object to or negotiate the proposed terms. However, the IRS has given no example of a Chapter 13 case in which it has accepted a plan that gave it less than full payment of a priority claim.

Counsel for the United States asserts that exercise of discretion on the part of the IRS in determining it will not entertain offers in compromise from those in bankruptcy is an agency action that is not subject to judicial review, and that a court order to the contrary is in the nature of a writ of mandamus.

■ I continue to stand by my prior ruling. I am not attempting to interfere with internal agency procedures. However, as suggested in the prior order, the debtor is not asking for special treatment or consideration contrary to law. The position taken by the IRS on this issue is set forth in a revenue procedure and in a notice from chief counsel. Neither of these carry the force and effect of law, and may not even be entitled to much deference.

Neither the Internal Revenue Code nor the Treasury Regulations contain the prohibition against accepting offers in compromise from taxpayers in bankruptcy. That provision appears in Revenue Procedure 2003–71, 2003 WL 21982210 and is clarified in the July 12, 2004, notice from the Office of Chief Counsel.

■ A revenue procedure is an internal procedural guide. It represents official IRS position on a matter of procedure, but it is not mandatory. *See Estate of Shapiro v. Commissioner,* 111 F.3d 1010, 1017–18 (2d Cir.1997), *cert. denied,* 522 U.S. 1045, 118 S.Ct. 686, 139 L.Ed.2d 632 (1998). Interestingly, the *Shapiro* case involved a taxpayer who wanted to force the IRS to accept supplemental estate tax returns which recomputed tax liability based on annual interest payments, as provided for in the revenue procedure. The IRS argued that despite what the procedure stated, its "administratively convenient" practice was to not accept such supplemental returns from a taxpayer who was also involved in a Tax Court case, citing the difficulty of coordinating collection activities when the amount of tax liability had not been finally determined. The court found this to be a reasonable policy and ruled that the IRS was not bound by this particular revenue procedure, and thereby ruled against the taxpayer.

■ In *Shapiro,* the Second Circuit discussed the "well-established" rule that revenue procedures generally are directory, not mandatory, and are mere guidelines without the force of law. 111 F.3d at 1017. The court also noted, however, that if a revenue procedure is properly characterized as a substantive statement instead of a procedural directive, the IRS may be required to follow it in every case. *Id.* "The IRS will be bound by a published rule if 1) the rule prescribes substantive rules—not interpretive rules, general statements of policy or rules of agency organization, procedure or practice, and 2) the agency promulgated the rules pursu-

ant to a specific statutory grant of authority and in conformance with the procedural requirements imposed by Congress." *Id.* at 1017–1018 (quoting *Ward v. Commissioner,* 784 F.2d 1424, 1430–31 (9th Cir. 1986)).

Because most revenue procedures are simply procedural rules promulgated by the Internal Revenue Commissioner without the need for approval by the Secretary of the Treasury, and because the revenue procedure at issue in this case states on its face that its purpose is to "explain the procedures applicable to the submission and processing of offers to compromise", it clearly is not substantive and does not have the force of law. Where an agency's interpretation is made informally, without "the rigors of notice and comment," it is not entitled to *Chevron* deference. *Demma Fruit Co. v. Old Fashioned Enter., Inc. (In re Old Fashioned Enter., Inc.),* 236 F.3d 422, 425–26 (8th Cir.2001) (citing *King v. Morrison,* 231 F.3d 1094, 1096 (8th Cir.2000)).

While cases such as *Shapiro* are in the IRS's favor in that the court found the IRS is not bound by the revenue procedure, it seems to me to be almost disingenuous to apply the reasoning of such cases only to the IRS's benefit. In other words, *Shapiro* said the IRS does not have to follow its own non-mandatory procedure. Here, the IRS wants me to enforce a non-mandatory agency procedure so it does not have to entertain the debtor's offer in compromise. I am not inclined to do so. After a considered review of the arguments made and authorities cited by the IRS, I nevertheless arrive at the same conclusion as I did previously and again follow the reasoning of *Holmes v. United States (In re Holmes),* 298 B.R. 477 (Bankr.M.D.Ga. 2003), *aff'd,* 309 B.R. 824 (M.D.Ga.2004). Apparently the IRS ignored the order of the court in *Holmes,* even after affirmance, but the fact it was ignored does not make it bad law.

In this case, the IRS may either process an offer in compromise, which the tax code authorizes any taxpayer to submit, or take seriously its stated position that it will, in good faith, consider accepting less than the bankruptcy code requires in a Chapter 13 plan.

Separate order will be entered.

### ORDER

Hearing was held in Lincoln, Nebraska, on October 18, 2004, on the United States' motion to alter, amend, or reconsider (Fil. # 144) and resistance by the debtor (Fil. # 147). John Hahn appeared for the debtor, and Gerald Leedom and Ellyn Grant appeared for the Internal Revenue Service.

IT IS ORDERED: For the reasons stated in the Memorandum of today's date, the United States' motion to alter, amend, or reconsider (Fil. # 144) is denied.